Nebbett *v.* Cunningham.

---

STERLING NEBBETT *v.* JOHN P. CUNNINGHAM.

Where commissioners are appointed by the court to sell property, and they make a report of the sale as required, and exceptions as to the power of the commissioners to sell, or to the irregularity of the sale, are not made upon the presentation of the report, it is too late to take exceptions to such irregularities upon the presentation of the second report of the commissioners in

Nebbett *v.* Cunningham.

relation to the bonds taken at such sale. All such irregularities which may have existed in the first report will be considered as having been waived or acquiesced in, and new exceptions under such circumstances shall not be entertained, except in a case of gross irregularity causing a manifest injury or a strong probability of it, to the party aggrieved.

The bonds taken conform to the order of the court under which they were taken, and are made payable to the party to whom they were required to be made by the court, which had power to direct the bonds to be taken in such a manner as would in its judgment best secure the fund to abide the result of the litigation between the parties, giving advantage to neither.

Where a note or bond is made payable at a future day, and is silent as to the rate of interest, it bears interest only from maturity at the general legal rate.

In bonds like this now in controversy, the statute provides that they "shall bear interest at the rate of eight per cent. per annum from the date thereof;" and having been made with reference to the statute, it enters into and forms a part of the contract, and it is immaterial whether such bonds have the rate of interest specified on their face or not.

Where a bond is taken by commissioners, in the absence of proof to the contrary, it will be presumed that the commissioners performed their duty in requiring proper authority from one who signs the name of another to the bond.

The failure of the commissioners to return the bonds into court until after they were due, is an irregularity on their part, but it is not a sufficient ground for setting aside the sale, or for ordering the purchase-money to be paid into court.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

This case is brought into court upon exceptions filed to a report of commissioners in chancery who had been appointed to sell certain mortgaged property, and the exceptions are fully stated in the opinion of the court.

*A. Burwell* for appellant.

*F. Anderson* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This is an appeal taken from an order of the superior court of chancery, overruling exceptions to the report of commissioners appointed by that court to sell certain mortgaged premises.

25 *

Nebbett *v.* Cunningham.

In virtue of the decree of foreclosure rendered in the case, the commissioners made their report of sale to the December term, 1846, of that court. The present appellant filed exceptions thereto, on the ground that the bond taken for the purchase-money was not in compliance with the law, in several respects, and that, the residue of the purchase-money over and above the mortgage debt, the commissioners had improperly permitted to be retained by the purchaser, who claimed to be entitled to it. These exceptions were, for the most part, allowed; and at the December term, 1847, it was ordered that the sale should be confirmed on the purchasers, the present appellee entering into bonds, payable in six months from the date of the sale, to D. W. Connelly, survivor, &c., (who was one of the complainants and mortgagees in the mortgage suit,) for the amount of the purchase-money to be divided into two sums, one bond for the amount of the mortgage decree, interest, and costs, and the other for the residue; to be executed within thirty days after notice, and on failure to do so, that the sale be set aside and a new sale made, &c.

Afterwards, but at what term it does not distinctly appear, the commissioners made their report, stating that they had taken the bonds, with good and sufficient security, and within the time, as prescribed by the last order above stated, and they returned with their report the bonds taken, which are in form as follows:—

" $7,986.  Washington County, Miss., December 4th, 1846.

" Six months after date, we or either of us, promise to pay D. W. Connelly, surviving, &c., seven thousand nine hundred and eighty-six dollars, for value received. Witness our hands and seals.

"J. P. CUNNINGHAM,  [SEAL.]
THOMAS J. LIKINS,  [SEAL.]
   by J. P. Cunningham,
W. HAMPTON, JR.,  [SEAL]."

The other bond was of the same date and tenor, differing only in its amount, which was for $6,014.

To this report the appellant, who was entered of record by

order of the court as the assignee of the mortgage debt, filed sundry exceptions, which are in substance as follows : —

1. That the bonds returned are not made payable to the parties entitled under the decree.

2. That the bond for the mortgage debt, interest, and costs, is not for a sum sufficient to cover the amount.

3. That the bonds do not draw interest from their date, nor stipulate for the interest at eight per cent., allowed in such cases.

4. That no authority is shown to sign the name of Thomas J. Likins to the bonds.

5. That the bonds were not returned into court until after they were due.

Exceptions were also taken to the manner of making the sale, and the power of the commissioners to make it, by reason of the irregularity of their appointment. These exceptions were overruled, and thereupon this appeal was taken.

We will first notice the objections made to the sale and the power of the commissioners.

It appears that no exception on these grounds was taken to the first report, and the appellant being the assignee of the decree at the time the sale was made, it must have been made with his acquiescence or at his instance. He cannot afterwards be permitted to deny that the commissioners were duly authorized to make the sale. As to the alleged irregularity in its being made at an illegal hour, no such exception was taken to the report of the sale, but the objection is for the first time presented to the second report which was not a report of the sale, but in relation to the bonds taken under it. All the objections raised to the first report had then been disposed of. It was too late, then, in taking exceptions to the second report, to go back to irregularities alleged to exist in the first report which had been pretermitted or acquiesced in. New exceptions under such circumstances should not be entertained, except in a case of gross irregularity causing a manifest injury or strong probability of it to the party aggrieved by it. No such case is shown here.

The matters arising on the exceptions to the second report will now be considered.

The first objection is, that the bonds were not made payable to the parties entitled to the purchase-money.

It is insisted, in behalf of the appellee, that this exception cannot be sustained, because the bonds are taken in conformity to the order under which they were taken; that this appeal is prosecuted on the order of the court overruling the exceptions to the report, and that nothing else can be noticed under it, and that the only question is, whether the bonds conform to the order directing them to be taken. We think these positions well taken. The only matter complained of by the exceptions was the errors and irregularities of the commissioners in their proceedings under the order, and the appeal is taken to the action of the court upon that point alone. It is but an appeal from an interlocutory order, and the rule in such case is, that the appellate court will not look beyond the scope of the special matter embraced in the action of the inferior court, because nothing more is presented by the appeal. The rule is different in cases of writ of error or appeal from the final decree determining the merits of the cause. In such cases, the court will examine the whole record, and notice all interlocutory errors committed in the course of the proceedings to the prejudice of the party complaining, and render judgment accordingly. It is, therefore, not competent for the appellant to complain here of errors existing in the decree or order of the court under which these bonds were taken. He made no objection to that order, but appears to have acquiesced in it, and to have given the appellee notice of it, with a view to take the benefit of it. At all events, his exceptions and appeal present the sole question of the conformity of the bonds to the order of the court under which they were taken; and it is manifest that they are made payable to the party to whom they were required to be made by the order of the court.

But it does not appear that the manner in which these bonds were made payable, could operate to the injury of the appellant. Under the circumstances of the case, the use of the name

of Connelly, one of the complainants, and the only surviving one in the mortgage suit, was merely nominal, and in further-ance of the objects of the contest between these parties for the purchase-money. The court had control of the subject-matter, and power to direct the bonds so to be taken, under the circum-stances of the case, as in its judgment would best secure the fund to abide the result of the litigation between the parties, giving an advantage neither to the one nor the other. By this, no injury could arise to the appellant on account of that por-tion of the fund of which he was assignee, for, as assignee of the decree, he was entitled to execution upon the bond given for that amount at any time after its maturity. As to the residue, the bond taken, though nominally payable to Connelly, was under the control of the court. If unpaid at maturity, the court should, upon the motion of the appellant as a party claim-ing the fund, have had it entered forfeited according to the statute, and an execution issued to bring the money into court for the purpose of distribution by the court to the party entitled to it. Thus the appellant would obtain the mortgage debt due him, the appellee would be compelled to pay the purchase-money according to his contract, and the court would have in its custody and power the fund in dispute ready to be appro-priated to the party entitled to it without delay, after the de-cision of the contest. We do not perceive, therefore, that the appellant has any just ground of complaint upon this point of his exceptions.

The second exception is not insisted upon here, and there is nothing to show that it should have been allowed.

The third exception is, that the bonds draw no interest from their date, and do not specify the interest of eight per cent.

This objection is based upon the rule which applies to con-tracts generally, namely, that where a note or bond is payable at a future day, and is silent as to the rate of interest, it bears interest only from maturity, and at the general legal rate. But this is a statutory contract. Its character and legal obligation are distinctly defined by the statute, which takes it out of the general rule governing other contracts. The provision of the statute is positive and peremptory, that such bonds "shall bear

interest at the rate of eight per centum per annum from the date thereof." Such bonds are made with direct reference to this statute, which enters into and forms a part of the contract as much as if the bonds had contained the stipulations in the very words of the law. *Mc Cracken* v. *Hayward*, 2 How. 613; *Ogden* v. *Saunders*, 12 Wheat. 297. It is immaterial, therefore, whether such bonds stipulate in terms for the date and rate of interest. They are made directly under the statute, and are regulated by its provisions, of which the parties are presumed to have knowledge. The obligors are, therefore, concluded from denying that the provisions of the statute constitute the terms of the bond.

The fourth exception is, that no authority was shown to sign the name of one of the sureties to the bonds. We do not think this objection well taken. No evidence was offered tending to show that the surety's name was not signed by his authority. The bonds were taken by the commissioners under the authority of the court; and in the absence of any proof to the contrary, it is just to presume that the commissioners properly performed their duty and required sufficient evidence that the name was signed by proper authority. True, sufficient authority may not have been produced, but this is not to be presumed. The presumption is to the contrary, and that must prevail unless destroyed by proper showing. 2 Phil. Ev. (Cowen & Hill) 1st edit. 296.

The last exception is, that the bonds were not returned into court until after they were due. This was certainly an irregularity on the part of the commissioners, but it is not a sufficient ground for setting aside the sale, or for ordering the purchase-money to be paid into court. The irregularity is not shown to have been in any manner attributable to the purchaser, and it would be unjust to visit it upon him. Nor does it appear that any material injury could arise to the appellant from it. The bonds became due in June, 1847; and though not returned on the very day of their maturity, they must have been returned in a short time thereafter, for the exceptions, which were filed at that term, were not taken until the bonds had been returned. The appellant had the right, then, to have them entered forfeited

under the provisions of the statute, and there was then ample time to have executions issued returnable to the next December term of that court, and the money then brought into court. If, under the circumstances, the court could properly have granted an order to bring the money into court, the power to do which we do not intend to deny, it would scarcely have required it to be brought in sooner than it could have been made if the bonds had been returned in due time and entered as forfeited. For all that appears in the record, the money could have been made by execution to the next term of the court. This was the due and regular mode of proceeding, except where special circumstances should render it necessary for the court to exercise its general powers and depart from the usual course. Had the appellant applied for an order to bring the money into court, it is hardly to be supposed, for any thing that appears, that it would have been granted, because there was an ample remedy by the regular course of proceeding by execution.

Upon due consideration of all the exceptions, we are of opinion that the chancellor acted properly in overruling them, and the decree is, therefore, affirmed.