P. L. FERGUSON, GUARDIAN, *v.* KATE B. SHEPHERD, ADMIN-
ISTRATRIX, ET AL.

JUDICIAL SALE. *By guardian. Partly on credit. Recitals of record. Lien.*
  Under a decree of the Probate Court directing a guardian to sell his ward's land
    for cash, he sold the land and received one-half of the purchase-money in
    cash, and for the other half took the purchaser's promissory note. But the
    guardian reported to the court that he had received all of the purchase-money
    in cash, and the sale was confirmed as a cash sale, and a deed so reciting exe-
    cuted to the purchaser. The purchaser having failed to pay his promissory
    note, a bill in chancery was filed by the guardian to subject the land to the
    lien which the statute imposes upon lands sold by guardians under judicial
    decrees, for the purchase-money thereof. A demurrer to the bill was sus-
    tained on the ground that the sale was for cash, and the statutory lien attaches
    only where the sale is on a credit. *Held,* that the sale was for cash only so
    far as the cash was paid, and as to the unpaid part of the purchase-money the
    sale was on a credit; and that as between the parties, their heirs or grantees,
    with notice, the truth of the sale cannot be covered up by the recitals of the
    record, nor the statutory lien arising thereupon be defeated. But even if the
    statutory lien did not exist in such case, the land could be subjected under
    the equitable lien of the vendor against the vendee, his heirs, and his grantees
    with notice.

APPEAL from the Chancery Court of Wilkinson County.
Hon. H. S. VAN EATON, Chancellor.
The case is stated in the opinion of the court.
*L. K. Barber,* for the appellant.

It is perfectly clear that the complainant has a mortgage
lien for the security and payment of the note mentioned in the
bill of complainant, and the court erred in sustaining the
demurrer and dismissing the bill. See Hutch. Code, 675,
sect. 3, art. 8; Rev. Code 1857, p. 463, art. 152; p. 446, art.
90; Rev. Code 1871, p. 226, sect. 1150; p. 243, sect. 1222;
*Miller, Admr., v. Helm,* 2 Smed. & M. 687; *Lambeth* v.
*Elder,* 44 Miss. 80; *Walker* v. *Fuqua,* 2 Cushm. 640; *Elliott*
v. *Connell,* 5 Smed. & M. 91; *Baines* v. *McGee,* 1 Smed. &
M. 208.

*C. P. Neilson,* for the appellees.

The sale of the land was by virtue of a decree of the Pro-
bate Court directing a sale for cash. It is so recited in the
deed, and so reported to the court. There can be no lien for

the purchase-money at a cash sale.   The guardian was charge-able with the cash proceeds of the sale.   If he made terms and granted time to the purchaser, it was in his personal ca-pacity; he could not do it as guardian.   He may have his remedy in some other proceeding, but not in this.

CHALMERS, C. J., delivered the opinion of the court.

A guardian sought and obtained authority to sell the land of his wards; he was ordered to sell for cash.   He sold for $8,000, and reported back to the court that he had received the money in cash, and the sale was confirmed by the court as a cash sale, and a deed executed so reciting.   In fact, about one-half only of the amount of the bid was paid in cash, the note of the purchaser being taken for the balance.   This bal-ance remaining in great part unpaid, this bill is filed by the guardian against the administratrix and children of the pur-chaser, who is now dead, for the purpose of subjecting the land to the statutory lien for the purchase-money which the law imposes upon land sold by administrators, guardians, and others, under judicial decrees.

A demurrer was sustained to the bill upon the ground that the statutory lien attached only where the land was sold on a credit, and that here the sale was for cash.   This involves a misconception of the facts.   The land was not sold for cash, though it was so directed by the decree and so reported to the court.   Property is really sold for cash only where the cash is paid.   Here, a part only of the bid was paid, and the note of the purchaser taken for the remainder; so that between the parties, no matter what the recitals of the record were, it was actually sold and bought partly for cash and partly on credit. If the rights of third persons had intervened, such rights would be protected by the recitals of the record; but between the parties the truth cannot be cloaked and defeated by false recitals.   In order to defeat the statutory lien between the parties, there must not only be a sale for cash apparent of record, but an actual payment of the price; and even if the

statutory lien in such case did not exist, the land could be sub-
jected under the equitable lien of the vendor so long as it re-
mained in the hands of the purchaser, his heirs, or grantees
with notice.

Reversed and remanded, with sixty days to answer.