ABNER C. TATE ET AL. *v.* E. T. BUSH ET AL.

1. PARTITION. *Infants. Petition in chancery for sale of land. By next friend.*
   A decree of a court of chancery for the sale of land for partition is not void because based upon the petition of an infant by his next friend. *Duncan* v. *Wilson*, 44 Miss. 634, cited.

2. SAME. *Infant non compos mentis. Decree for sale of his land.*
   And the fact of the infant in such case being *non compos mentis* does not affect the validity of the decree.

3. SAME. *Sale of land. Amount of bond for purchase-money.*
   The fact that the penalty of a bond given by the purchaser of land sold for partition, under a decree in chancery, for the unpaid purchase-money is only equal to the amount due, instead of being double that amount, as required by the statute, does not invalidate the sale.

4. SAME. *Sale of land. Bond for purchase-money payable to commissioner.*
   And such sale is not void because the bond for the purchase-money is made payable to the commissioner instead of to the parties in interest. *Nesbitt* v. *Cunningham*, 27 Miss. 292, cited.

62 Miss.—10

5. PARTITION.  *Sale of land.  Failure to return bond into court.*
   Nor does the failure to return such bond into court render the sale invalid.
      *Nesbitt* v. *Cunningham,* 27 Miss. 292, cited.

6. SAME.  *Sale of land, where made.  Presumption as to place.*
   Where the record does not show that such sale was made at a place other than
      the door of the court-house, it is presumed, even on a direct appeal, that the
      decree of confirmation was based upon sufficient evidence that the sale was
      made at the door of the court-house, as required by the statute.

7. SAME.  *Sale of land.  Lien for purchase-money.  Chancery jurisdiction.*
   The statute (in 1859) authorizing a sale on credit of an infant's land under a
      decree of the chancery court required only personal security for the purchase-
      money; and hence, no lien on land thus sold can be enforced for the collec-
      tion of the purchase-money because of the insolvency of the obligors in the
      bond taken to secure the same.

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

Frances A. Jeffries, a married woman, and Walter J. Tate, an
infant, who was *non compos mentis,* were tenants in common of a
certain tract of land, and upon a bill in chancery filed for the latter
by his next friend, a decree was rendered in the year 1859 order-
ing, in accordance with the prayer of the bill, a sale of the land on
credit for partition.  In the same year the sale was made and in
1860 it was confirmed.

Walter J. Tate died in 1879 and the husband of Frances A. Jef-
fries died in 1882; and in September, 1883, she and the heirs of
Walter J. Tate filed the bill in this case, attacking the sale for par-
tition above referred to on the grounds stated in the opinion of the
court.  The bill prays that said sale be declared void, or that com-
plainants be declared to have a lien on the land for the purchase-
money (which it is alleged has not been paid), and that the land
shall be sold to pay the same.  The defendants, who are the heirs
of the purchaser at said sale, demurred to the bill and their demur-
rer was sustained.  Whereupon the complainants appealed.

*G. G. Dillard,* for the appellants, filed a brief discussing the
question of payment presented by the bill in this case; but as that
question is not passed upon by this court, the brief is omitted.

*Rives & Rives*, on the same side.

No statute in force in 1859 authorized a proceeding in name of a minor by next friend for the sale of his land.

Independent of a statute, anybody could act as the next friend of a minor and maintain a suit to establish some right of the minor or to secure his estate, but in the absence of statutory authority the court had no power to entertain a suit by next friend to divest the infant of his property. The court has the inherent power and is bound to protect his rights, but it has no such power to sell his land. 1 Daniel's Chancery Practice 89, 90 ; Adams' Equity 556 ; *Price* v. *Orome*, 44 Miss. 571 ; 2 Story's Equity Jurisprudence, § 1352.

The case of *Wilson* v. *Duncan*, 44 Miss. 642, is no authority against us. The suit there was by guardian, not by next friend ; the guardian acts under bond, the next friend does not. The case of *Johns* v. *Smith*, 56 Miss. 731, is not against us.

In the absence of statutory authority can a *non compos mentis* in any case sue by next friend ? See Story's Equity Pleadings, §§ 56, 57, 64, 65 ; Adams' Equity 582, 583.

An infant is incapable of assenting to a voluntary distribution. *Kilcrease* v. *Shelby*, 23 Miss. 161.

Payment of a legacy to him is invalid ; he may recover it again. *Quinn* v. *Moss*, 12 S. & M. 365.

An infant is not bound by his deed nor estopped by any recital in it. *Cook* v. *Toombs*, 36 Miss. 685 ; *Brantley* v. *Wolf*, 60 Miss. 420.

Had the infant in this case been a defendant, no decree could have been rendered without proof. This land could not have been sold by a *consent* decree. The court would have been bound to have required strict proof before it could have made a valid order for the sale of his lands. Could it be that those who wished to use the money that would proceed from a sale could avoid the necessity of making proof, by making the helpless infant and gibbering idiot play the part of a complainant, suing by a next friend who was not responsible to anybody for permitting his name to be used ?

The sale was not made where the law required it to be.

· The decree did not direct as to the place of sale. Then the statute required it to made at the court-house door. Code 1857, page 549, Art. 59 ; page 528, Art. 277. This statute was mandatory. *Henderson* v. *Herrod*, 25 Miss. 453 ; *Koch* v. *Bridges*, 45 Miss. 247. If it were possible such dereliction could in any case be cured by confirmation, it was not cured in this case, for the report of sale, which was confirmed, did not inform the court of the *place* where the sale was made. The court could not be held to have confirmed a dereliction, nor even an irregularity, of which it had no information.

The statute then ·in force required the purchase-money to be secured by bonds in double the amount, payable to the parties in interest and conditioned for the payment of the purchase-money at maturity, and such statutory bonds, if perfected, had the force and effect of a judgment. Code 1857, page 549, Art. 59. In this case the purchaser did not execute such bonds, but only bills single or promissory notes. The statute in this regard was mandatory.

The unpaid purchase-money constituted a lien upon the land. This lien still exists.

It is a cardinal principle of equity that a vendee shall not hold land for which he has paid nothing. See Story's Eq. Ju., § 1219 ; *Colton* v. *McGee*, 54 Miss. 511 ; *Natchez* v. *Mallory*, 54 Miss. 499 ; *Gorborough* v. *Wood*, 19 Am. Rep. 44; *Tooley* v. *Gridley*, 494, 517 ; *Ferguson* v. *Shepherd*, 58 Miss. 804; *Fonda* v. *Jones*, 42 Miss. 795 ; *Foxworth* v. *Bullock*, 44 Miss. 457.

*R. G. Rives*, of counsel for appellants, argued the case orally.

*Calhoon & Green*, on the same side.

. The decree of sale of October, 1859, was void—a judicial *monstrum horrendum*, without shape, form, or feature to show kinship to its kind.

We fail to trace its paternity in any statute, and without a statute it has no rights.

The bill was not under Art. 8, page 316, Code of 1857, and (if it were it would be unconstitutional) for *that* applies to *adults* only

and not to infants, and could not apply to persons *non compos mentis*, even if adults.

It was not under Art. 117, Code of 1857, page 454, for *that* provides for *division* only, and not for *sale*, and clearly cannot mean that a minor and also an idiot can invoke it *by next friend*. Besides, it provides that the guardians of the minor devisees be first summoned before even a decree of division be made. It manifestly looked to the petition being made by the adult devisee.

It was not under the provision for sales of the lands of minors on the petition of their guardians, Code of 1857, Arts. 151 and 153, pp. 463, 464, because there was no guardian here.

This concludes the catalogue, except Art. 73, Code of 1857, page 551, providing that the chancery court may decree partition upon a bill filed by any party in interest, and it would be madness to suppose that this statute could be invoked by an idiotic infant ten years old without a guardian.

For the protection of infants they may sue at all times by next friend to recover rights, never to divest him of his property.

This is, perhaps, the first instance in the history of our jurisprudence where a bill was entertained brought by an infant lunatic *by next friend* to strip him of his property. Let us hope it will be the last. It is a precedent fraught with so much ruin that it needs prompt and total condemnation, and that in unmistakable language.

A proceeding unsworn to, *unsupported by proof, without the protection of a bond*, which wrests from a *non compos mentis* child a fine estate, may well excite indignation. Unsupported by law and with no foundation in reason, shocking to common sense and humanity, it is necessarily a nullity in its inception, progress, and shameful termination.

The sale was not at the court-house door, as the law required, and was void. *Vassar* v. *George*, 47 Miss. 713 ; *Koch* v. *Bridges*, 45 Miss. 247.

The purchase-money, being unpaid, remains a lien on the land.

*S. S. Calhoon*, of Calhoon & Green, also made an oral argument.

*Jarnagin & Bogle*, for the appellees.

The proceedings which resulted in a sale of the lands were not

void. The complainant in that proceeding, being a minor, could sue by next friend ; Code 1857, p. 483, Art. 36 ; and being also a lunatic did not deprive the court of jurisdiction to entertain the suit instituted by the next friend. If he had been a lunatic and not a minor, he could have sued by next friend, having no guardian. Story's Pl., §§ 65 and 66, n. 2 and 3. It was proper for the court to appoint Jeffries commissioner to make the sale. *Nesbitt* v. *Cunningham*, 27 Miss. 292.

The statute provided that if no place of sale was designated in the decree it should be made at the court-house door, but this was merely directory. The sale was *in fieri* until it was approved by the court and a decree of confirmation cured any irregularities that fell short of rendering the sale absolutely void. Rorer on Jud. Sales, p. 9 and note ; Ib. 55 ; *Henderson* v. *Herrod et al.*, 23 Miss. 434 ; *Klinginsmith* v. *Bean*, 27 Am. Decs. 328.

*L. Brame*, on the same side.

1. This is not a bill of review, nor is it an appeal from the decree of the Chancery Court of Noxubee County, under which the land in controversy was sold twenty-five years ago. Therefore the regularity of the proceedings or the sufficiency of the evidence upon which the court acted in rendering that decree is not involved. The decree itself is attacked collaterally by an independent proceeding as being utterly null and void. The presumption of law is that this decree was rendered upon evidence deemed sufficient by the court and upon well-settled principles. It cannot be collaterally impeached, however insufficient the evidence may have been in fact, no fraud as to its rendition being alleged or shown. *Cannon* v. *Cooper*, 39 Miss. 784.

2. This decree was in all respects regular and valid and could not be reversed, even on appeal or by bill of review. It was competent for the complainant, who was a minor, to sue by next friend, setting forth to the chancery court the special reasons which made the decree of sale necessary. Code 1857, p. 551, Art. 73 ; Ib. p. 483, Art. 36.

The fact that the minor was *non compos mentis* afforded an additional reason why the court should exercise its ample powers in

his behalf. One who is *non compos*, though not an infant, may sue in equity by next friend if he has no guardian. *Simonton* v. *Bacon*, 49 Miss. 589.

The case of *Wilson* v. *Duncan*, 44 Miss. 642, seems to be conclusive of the point now under consideration. There a sale was made *of lands* under the statute above referred to, *at the instance of a minor tenant in common as complainant.* After full discussion the court sustained the jurisdiction.

Further as to the general jurisdiction of the chancery court in decreeing the sale of the lands of infants in certain cases, see *Goodman* v. *Winter*, 64 Ala. 410, 435; see also *Johns* v. *Smith*, 56 Miss. 727; *Saunders* v. *Mitchell*, 61 Miss. 321.

3. The decree provided for a public sale after certain notice, but the place of sale was not named. This being so, the statute required that it should be made at the court-house door, but this was directory. The sale was *in fieri*, and under the control of the court until confirmation. In fact, it was not a sale until it was confirmed. The commissioner was merely an officer to receive bids and report the same to the court. Here the sale was made on the premises, after a full compliance with the terms of the decree as to notice, and the property brought a magnificent price—nearly twenty-seven thousand dollars for four hundred and forty acres of land. This sale, after confirmation, was perfectly valid. Rorer on Ju. Sales, § 12, note 6; Ib., § 122.

The case of *Koch* v. *Bridges*, 45 Miss. 247, relied upon by opposite counsel, was based on a sheriff's sale under execution. The case of *Vassar* v. *George*, 47 Miss., was a tax sale. There is a wide difference between judicial sales and sales made by ministerial officers.

4. The bonds, with security, were taken *payable to the commissioner.* This was strictly in accordance with the statute. Code 1857, p. 549, Art. 59; Ib. 551, Art. 73. Under the last mentioned article it was within the discretion of the court to make such a decree as was considered necessary for the protection of the parties interested, and it was not mandatory on the court to require the bonds to be given in double the amount of the purchase-money. But, if we are mistaken in this, clearly it was noth-

ing more than an *irregularity* that the bonds were not taken for the correct amount, which cannot be taken advantage of by the complainants in a collateral proceeding. Rorer on Ju. Sales, § 466.

*L. Brame* also argued the case orally.

COOPER, J., delivered the opinion of the court.

Complainants by their bill attack the sale made under the decree for partition—first, because the court had not jurisdiction to decree the sale on the application of the infant by his next friend; second, because the infant was also *non compos mentis* and had no guardian; third, because the commissioner took the bonds of the purchaser in an amount equal only to the purchase-money, and not in double that sum, as was required by the statute, and also because the bonds were made payable to the commissioner and not to the parties in interest, and were not returned into court; and, fourth, because the sale was made on the premises and not at the door of the court-house.

The first objection to the sale is disposed of by the decision in *Duncan* v. *Wilson*, 44 Miss. 643, in which case, after a full examination of the question, it was held that the chancery court had jurisdiction to decree a sale of lands for partition upon the application of the guardian of an infant co-tenant, although the statute had made provision for a sale of lands in which an infant was interested by the probate court. We are unable to see why the question of jurisdiction should be otherwise decided merely because the proceedings are instituted by the next friend instead of the guardian. The lunacy of the infant does not affect the decree. Freeman on Judgments, § 152; Shelford on Lunacy 395; *Saunders* v. *Mitchell*, 61 Miss. 321.

The third ground of attack is untenable. The question is not whether the matters urged constituted error, but whether because of them there was a want of power in the court to make the decree. For the correction of all mere errors, the remedy of the parties was by appeal from the decree. Having failed to pursue this course, nothing less than a defect of jurisdiction can now be invoked.

The report of the commissioner does not show that the sale was made at a place other than the court-house door, but the fact that the purchase-money was secured by bonds equal to and not double its amount, as required by the statute, is affirmatively shown thereby; if, therefore, the statute in reference to the bonds was mandatory and not directory, the validity of the decree would be seriously involved.

But we think the statute is not to be so construed that all sales not made in strict conformity thereto are void. It is not declared that sales made otherwise than as directed shall be void, nor does the end sought to be attained, the security of the purchase-money, fail because the penalty of the bonds was not double the purchase price.

It is true that the bonds did not strictly conform to the statute, but they were executed with reference to it, and it became a part of the contract into which the purchaser and his sureties entered. Execution, therefore, might have been issued on them as they matured for the amount of the purchase-money, and this would have been the extent to which satisfaction could have been had if the statute had been fully complied with.

The failure of the commissioner to return the bonds into court cannot be visited on the purchaser. The parties in interest should have moved the court to compel such return. They cannot visit the consequences of their failure upon others.

In *Nesbitt* v. *Cunningham*, 27 Miss. 292, there had been a sale of lands under a decree foreclosing a mortgage. Objections were interposed by the parties, and some of them being sustained, a decree of confirmation on terms was entered. At a subsequent term of the court the commissioner reported, setting out what had been done in execution of the decree made on his first report. A party in interest filed objections to this second report. Among other objections the point was made that the sale had not been made within legal hours; that the bonds taken had not been made payable to the right party; that the bonds did not conform to the statute, because they failed to show on their face that they bore interest; that the bonds were not returned by the commissioner into court at the

proper time. The court held, on appeal from a decree of confirmation, that it was too late for the party to raise the question as to the time of sale, he having failed to do so in his objections to the first report; that the bonds taken substantially secured to the party all that the law contemplated, and that the purchaser was not chargeable with the neglect of the commissioner in failing to return the bonds at the proper time.

If such objections were insufficient on a direct appeal, much the less can they prevail in a collateral attack.

If it be admitted that a legal sale could not have been made except at the door of the court-house, it yet remains true (in the absence of any statement in the report that the sale was made at any other place) that the time, manner, and place of sale were necessarily involved in the hearing of the application to confirm, and the presumption must be indulged, even on direct appeal, that the decree was founded upon sufficient evidence. George's Dig. 373, 438.

The remaining inquiry is whether a lien exists upon the land which may now be enforced to secure the payment of the purchase-money. We think there is no lien. The legislature, in providing for the sales of real estate in which an infant was interested by the probate court, directed that both personal security and a mortgage on the land sold should be taken to secure the purchase-money, while in sales made by the chancery court only personal security was required. It is immaterial why the difference was made; in each case the lawmaking power has directed the security which it has deemed sufficient and proper; the courts cannot add another not provided.

It was intimated in *Tooley* v. *Gridley*, 3 S. & M. 517, that the vendor's lien might exist under judicial sales where no other security had been provided. See also *Armigen* v. *Eglehart*, Bland's Chancery 519; *Miners* v. *R. R. Co.*, 3 Ga. 341; *Buford* v. *McCormick*, 47 Ala. 428; *Tarborough* v. *Wood*, 43 Tex. 91. In *Ferguson* v. *Shepard*, 58 Miss. 804, it was said that where the law required a mortgage to be taken by the guardian on the sale of the lands of an infant, which mortgage the guardian failed to reserve,

the lien of the vendor could be enforced to secure the payment of the purchase-money.

In *Campbell* v. *McLeod*, 53 Miss. 484, it was held that where a sale of lands was made to a married woman on credit and an invalid mortgage executed by her to secure the payment of the purchase-money, the lien of the vendor was not lost.

But these are all cases in which either no other security was taken or where the law or the intention of the parties was that the land should be charged with the payment of the purchase-money.

. In the case now before us the law provided an independent collateral security, and there was no express provision that a lien should be retained on the land. These facts, if shown in a sale by contract between the parties, would show a waiver of the lien by implication. It is only by analogy to cases of private contract that the vendor's lien can be invoked as applicable to judicial sales, and, applying the rules, it follows that the complainants are not entitled to enforce a lien on the lands, wherefore the

*Decree is affirmed.*