IN THE MATTER OF THE PETITION OF JOSHUA J. AXTELL, A MINOR.

*Infants—Sale of lands—Jurisdiction of chancery court—Remedy against purchasers.*

1. Where proceedings are taken in the circuit court in chancery of the county in which an infant resides, for the sale of his land in another county, the court retains jurisdiction until the matter is fully disposed of, and may enforce the rights of the infant against the purchasers by entertaining a supplemental petition of the guardian filed for that purpose. .

2. A special guardian, who is licensed to sell the real estate of an infant, can make the sale only at the price and upon the terms fixed by the order of sale, and purchasers are presumed to have knowledge of the proceedings.

3. Where the land of an infant is ordered to be sold for a certain price, and the solicitor for the guardian, by a private arrangement with the purchasers, sells it for a greater sum, a portion of which is paid to the solicitor in other property, which he retains, and causes the guardian to report the sale as made according to the order, the purchasers will be required to pay to the guardian the balance of the agreed purchase price. ·

Appeal from Wayne. (Reilly, J.) Argued February 16, 1893. Decided April 7, 1893.

Petition by the guardian of an infant for an order requiring the payment of the balance of the purchase price of premises sold under How. Stat. § 6719 *et seq.* Respondents appeal. Affirmed. The facts are stated in the opinion.

*Pratt & Gilbert (James Van Kleeck,* of counsel), for appellants.

*Barbour & Rexford,* for petitioner.

LONG, J. It appears that Julia M. J. Axtell, in her

life-time, filed a petition in the Wayne circuit court, in chancery, for license to sell certain real estate of Joshua J. Axtell, a minor, situate in Bay county. Such proceedings were had therein that the premises were ordered to be sold to William J. Daunt and Edgar M. Sharp for the sum of $1,600,—$400 in cash, and the balance to be secured by a first mortgage on the premises, with interest at 7 per cent. Wallace A. Anger, an attorney of Wayne county, represented the petitioner in the proceedings. The guardian, as widow, claimed a dower interest in the premises, which she released for the consideration of one dollar, giving a quitclaim deed. Report of the sale was made, and the sale confirmed by the court, on May 8, 1889.

On April 24, 1890, the guardian filed the present petition in the same court, setting up the proceedings for the sale and the confirmation, but alleging that, after the deeds were executed, she delivered them over to the solicitor, Mr. Anger, who took them to Bay City to receive the consideration therefor; that she received a mortgage of $1,100 on the premises, and $121.50 in cash; that she wrote to Daunt and Sharp, demanding the balance of the purchase price, and was then informed that on the sale they had turned over to Anger a horse and buggy and harness for $415.25 on the purchase price. Petitioner also learned that the sale had been made by Anger to Daunt and Sharp for the sum of $1,800, instead of $1,600 as represented to the court in the proceedings, and as part of the purchase price Anger had taken to himself the horse, buggy, and harness. She thereupon demanded payment of the whole purchase price, but offered, if they did not desire to keep the premises, to surrender the consideration received, and cancel and set aside the sale.

The respondents, Daunt and Sharp, answered the petition, and proofs were taken, from which it appears that the arrangement between Daunt and Sharp and Anger was

that the premises should be taken at $1,800, and that Anger was to take the horse and buggy and harness for $415.25; the balance to be paid as follows:

| | | |
|---|---:|---:|
| Cash to Anger | $ 5 | 00 |
| "      "   Mrs. Axtell | 100 | 00 |
| W. J. McCormick's bill | 25 | 00 |
| Cash to Pratt & Gilbert | 154 | 75 |
| Mortgage | 1,100 | 00 |
| | $1,384 | 75 |
| Adding price of horse, buggy, etc. | 415 | 25 |
| | $1,800 | 00 |

After these proceedings were commenced, Julia M. J. Axtell died, and Franklin J. Axtell was appointed guardian of the infant.

The court below held that the infant had a lien upon the premises for the unpaid balance, and ordered the payment of the balance of the $1,800, and in default that the premises be sold at the front door of the court house in Bay county after six weeks' publication of notice of sale.

Appealing from this decree, respondents, Daunt and Sharp, contend:

1. That after the sale was made and confirmed in them by order of the court, the land being situate in Bay county, the jurisdiction of the Wayne circuit court in chancery ceased.

2. That a vendor's lien could be enforced only in the county where the premises are situate.

3. That the only action that court could have taken was to refuse to confirm the sale.

4. That the amount of money decreed is more than the amount of the interest the infant has in the property, including the widow's interest.

5. That the guardian was bound by the acts of her solicitor in the matter, she having authorized him to act for her.

6. That no notice of the pendency of the proceedings is of record in Bay county, where the land is situate.

7. That no surrender of the securities received has been

made, and the petitioner cannot affirm the contract so far as it may be beneficial to him, and disaffirm the balance.

The court had jurisdiction to determine the questions involved in the petition. It is the court in which the original proceedings were had, and these proceedings are only supplemental to those for the purpose of enforcing the rights of the infant. Under section 6719, How. Stat., the court had the right to direct the sale, and from the time of such application, so far as relates to the property to be sold, clearly has the power to protect the infant against such frauds. The court, having acquired jurisdiction, will retain it until the matter is finally and completely disposed of. *Maclean v. Circuit Judge,* 52 Mich. 257. This also disposes of the second and third questions.

The respondents can hardly be heard to say, under the circumstances, that the amount of $1,800 is more than the amount of the petitioner's interest in the premises. The widow quitclaimed her interest for the sum of one dollar. Respondents knew they were purchasing the interest of an infant in the premises, and the condition of the property. They sought to avoid the order of the court, requiring the cash payment of $400 and a mortgage of $1,200, and attempted, by an arrangement with the solicitor of the guardian, to get the property by an exchange of certain personal property. In that arrangement it is claimed that the sale of the personal property was made directly to the solicitor, and he was to apply the value of it upon the purchase price. In doing this the solicitor was getting for the property $1,800, and yet reporting to the court the sum of $1,600 as the amount received. The guardian knew nothing of this arrangement, and, when it came to her attention, she refused to receive the personal property, but did offer to cancel the sale. Failing to do this, she filed her petition in the same proceedings to compel the payment of the amount of the pur-

chase money which respondents had agreed to pay for the premises. The infant is the ward of the court in which the proceeding is taken, and when these matters came to its attention the court very properly decreed that the respondents should pay what it was arranged by them with the solicitor that they should pay. The whole proceeding was an attempt to perpetrate a fraud upon the infant. The special guardian, herself, would have had no authority to barter or exchange the premises for other property. She was licensed to sell in a certain way, and could sell only in that way, and take such security as the court ordered. The respondents knew they were purchasing from a special guardian, and are presumed to have knowledge of the proceedings. 2 Pom. Eq. Jur. § 608, note; *Pringle v. Dunn*, 37 Wis. 450.

In *Ferguson v. Shepherd*, 58 Miss. 804, the guardian was directed to sell the real estate for cash. He sold for one-half cash, and took the purchaser's note for the balance. He reported the sale as for cash, and the sale was confirmed. It was held that the sale was for cash only so far as the cash was paid, and that as between the parties, their heirs, or grantees with notice, the truth of the sale could not be covered up by the recitals of the record, and that the ward had a lien on the property for the unpaid purchase money.

It was the duty of the special guardian, under the circumstances here shown, to enforce the agreement actually made for the sale of the premises at $1,800; and it will be treated as for cash, except for the sum at which the court ordered the mortgage to be taken. The respondents have the deed of the premises, and must abide the order of the court below.

The decree will be affirmed, with costs.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.