## *In re* FLYNN'S ESTATE.

1. INFANTS—NOTICE—SALE OF REAL PROPERTY—STATUTES.

 The sale of an infant's property was irregular, requiring the court to refuse confirmation, unless the minor's parent or near relative was notified, under 1 Comp. Laws, § 534.

2. SAME—GUARDIAN.

 Though her next friend, appointed by the court, was the infant's stepfather and the father of three other children having an interest in the property that was sold, the sale was unauthorized unless the record showed notice served on her father or other near relative.

3. SAME—RATIFICATION—ACQUIESCENCE—ESTOPPEL.

 Nor was a statement contained in the report of sale made by the infant's guardian, that she received a portion of the proceeds after attaining her majority, sufficient evidence to establish her approval or ratification of the sale, so as to estop the infant from opposing confirmation.

4. SAME—PURCHASER—PUBLIC SALE.

 The purchaser at special guardian's sale of a ward's realty is presumed to have had knowledge of the proceedings.

Appeal from Dickinson; Flannigan, J. Submitted April 5, 1912. (Docket No. 44.) Decided July 11, 1912.

John Friedrich applied to the circuit court for the county of Dickinson, in chancery, for an order to sell the real estate of May Flynn and three other infants, and was appointed guardian and required to give a bond, pursuant to 1 Comp. Laws, § 536. Sale was made under the order of the court. After a period of ten years had elapsed the guardian reported the sale to the court for confirmation. From an order confirming said sale, May Williams, *née* Flynn, personally and as guardian of the remaining infants, appeals. Reversed.

*Hanchette & Lawton*, for appellant.

*Cook & Pelham*, for appellees.

Upon the application of May Flynn, an infant of the age of 16 years, and of John Friedrich, who applied for and on behalf of Joseph A., Josephine C., and Constance Friedrich, minor children of John Friedrich, the circuit court for the county of Dickinson, in chancery, on July 16, 1901, made an order appointing the said John Friedrich, next friend of said infants, "for the purpose of making application to this court in behalf of said infants under the provisions of section 534 of the Compiled Laws of the State of Michigan for 1897, for the sale of real estate, of which said infants are seised in fee, situate in said county," describing it. On the same day the court, upon the petition of said infants, by their said next friend, made an order appointing the said John Friedrich guardian of said infants in relation to the proceedings upon said petition, and requiring him to file a bond running to said infants in the penal sum of $1,000, conditioned as required by section 536 of the Compiled Laws of 1897; said bond to be approved by the court and filed. The order provides further that the proofs with reference to the matter of the application be taken in open court.

The petition describes the real estate belonging to said infants; says that the same was acquired by descent from their mother, who died intestate; gives a description of the improvements upon said real estate; avers that no taxes had been paid on the premises since the year 1896, and that the delinquent taxes amounted to upwards of $100; that petitioners had no money to pay the taxes or to redeem the premises from sales thereof for delinquent taxes, nor to make necessary repairs; that it was intended to sell the premises and use the proceeds to purchase lands for farming purposes and to remove to said newly purchased lands with said next friend and father; that the interests of the petitioners would be substantially promoted by such sale. The asserted value of the real estate was $600 to $700. On the same day that these orders were made, testimony was taken in the matter of the said petition, and the bond of the guardian was presented, ap-

proved, and filed. A decree was granted, which was followed by an amended decree, entered on the 16th day of October, 1901. It is recited in the first decree that it appears to the satisfaction of the court that the allegations of the petition are true, and that the interest of the petitioners will be substantially promoted by the sale of the said real estate. It is ordered that the guardian in the name of the said infants, upon the payment to said guardian for the use of said infants of $1,000, execute and deliver to any person who will purchase the same a deed of the said real estate; the proceeds of the sale to be accounted for to the court.

The amended decree finds that in the first decree it was through a clerical error that the words "one thousand" (referring to the sum to be received upon the sale of said real estate) were placed in said decree; that what should have been inserted were the words "six hundred and fifty," and the remainder of the decree was in form amended to correspond with this language. On October 6, 1911, the said John Friedrich filed a report of said sale with said court. The report is verified in the State of Arizona as of September 29, 1911. In substance and effect the report is that, on the first day of July, 1905, said guardian made a deed of said real estate to Isabel D. Palmer, of Iron Mountain, conveying all the right, title, and interest of said infants in and to the said real estate for a consideration of $650, which was paid as follows: $275 in cash, and the promissory notes of said grantee for $375, dated July 1, 1905, payable in certain installments set out in the report, with interest, payment of which said notes was secured by a mortgage on the land conveyed; that the mortgage and notes were sold for $375 on August 21, 1905. The purchase price is accounted for in said report as follows: Taxes paid to the amount of $28.60; for a quitclaim deed, $100; for plumbing and sewerage in and about the premises sold, $104; to May Flynn, now May Williams, after she became 21 years of age, $100; and that the guardian has in his possession for the benefit of

said infants the further sum of $325. Under date January 8, 1912, the court made an order in said matter approving and confirming said report, with leave to the guardian to apply to the court for further directions as to the application and disposition of the moneys received by him upon the sale of said premises. It does not appear what, if anything, was presented to the court with the report of sale, or what, if any, objections were made to the confirmation thereof. From this order May Williams, *née* Flynn, for herself and, as is recited in the notice, as guardian of Joseph A. and Constance Friedrich, has appealed to this court. It is not made to appear that May Williams is guardian of the other infants.

It is claimed that the sale was invalid for the following reasons:

"(1) There is no showing that the court required or obtained any proof that the guardian or the near relatives of May Flynn had any knowledge of the intention to make the application, or that the court directed notice of the application to be given to the guardian or other relatives of May Flynn.

"(2) The petition does not show that it was necessary or proper either for the support or maintenance of such infants, or that the interest of the infants required or would be substantially promoted by the disposition on account of any part of said property being exposed to waste or dilapidation or on account of its being wholly unproductive, or for any other peculiar reason or circumstance.

"(3) The testimony does not show any necessity to dispose of this property, or that the interest of the heirs would be substantially promoted by such disposition.

"(4) The order or decree authorizing the sale, contrary to the intent of the statute, authorizes the making of a deed without first requiring the report of the sale as contemplated by the statute.

"(5) The decree was not executed within a reasonable time; the amended decree was filed and entered on the 16th of October, 1901, and the sale was made and deed executed in July, 1905; this delay in effect nullifies the decree.

"(6) The decree does not authorize the acceptance of a mortgage, and the acceptance by the guardian of part

cash and part note secured by mortgage is not such a performance of the decree as to make the deed valid.

"(7) No report was made or account rendered to the court for the proceeds of the sale of the property, as commanded in the decree, and no report was filed of said sale until six years thereafter."

OSTRANDER, J. (*after stating the facts*). The statute (1 Comp. Laws, § 534) requires an application for the sale of real estate of an infant to be made by the guardian of the infant, if there be one, and, if not, then by a next friend authorized to act as such by the court. There is the proviso that, if the application be made by an infant—as distinguished from an idiot or lunatic—the appointment of a next friend shall be made on his petition, but, before authorizing a next friend to act for him, the court shall require proof that the parents, or other near relatives if he have no parents, have knowledge of the intention to make such application. And, unless it appears that "such persons have knowledge of such intention, may direct notice of the application to be given to such guardian, parents, or other relatives."

It appears that, in conformity with the statute, the infants petitioned for the appointment of a next friend. The person nominated was father of three of the infants and was stepfather of the fourth, who is the appellant. It does not appear that he was either guardian or near relative of the appellant. The inference drawn from the record is that he was neither. Therefore, before authorizing any one to act as next friend for her, the court should have required proof that her parent, if she had a father, or her near relatives, if she had any, had knowledge of the intention to make the application. And we construe the statute as requiring this proof to be matter of record, at least by recital, as requiring the fact to appear affirmatively. The general jurisdiction of courts of chancery in respect to infants, their persons, and estates is not the jurisdiction which was invoked or was exercised. The proceeding is a special one. As has been pointed out,

the statute limits the power of the court in appointing a next friend. If there was no next friend appointed pursuant to law, there was no valid application for a sale of the real estate, so far as the interest of appellant therein is involved. As jurisdiction to order the sale does not appear, the sale, as to the appellant, was ordered and made without authority.

The statement in the report of sale that appellant received $100 of the proceeds of the sale after she was 21 years old, and the fact that considerable time elapsed after she became of full age without action on her part, if it is a fact, is the only evidence that she acquiesced in or approved the action of her stepfather after attaining her majority.

The purchaser at the sale knew that she was purchasing from a special guardian, and is presumed to have had knowledge of the proceedings. *Re Petition of Axtell*, 95 Mich. 244, 248 (54 N. W. 889). While it may be true that appellant has money derived from her special guardian for which she should account to some one, we perceive no legal ground for holding that she is, upon this record, estopped to object to a confirmation of the sale. Of the four infants whose interests are affected by the sale, May Williams alone has attained majority. We cannot consider the recital in her notice of appeal that she is guardian of the other, or any of the other, infants. We regard her as the sole appellant.

It is not necessary to discuss other objections which are urged. We feel obliged to set aside the order of confirmation, and it is so ordered. Appellant will recover costs of this appeal from the appellee.

MOORE, C. J., and STEERE, MCALVAY, and BROOKE, JJ., concurred. BLAIR, STONE, and BIRD, JJ., did not sit.