GRAVES v. SMITH.

(Court of Civil Appeals of Texas. Amarillo. Oct. 28, 1911.)

1. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—NECESSITY OF ADMINISTRATION— ACTION BY SURVIVING SPOUSE.

Under Sayles' Ann. Civ. St. 1897, art. 2220, providing that on the death of husband or wife leaving no children the common property passes to the survivor, a wife surviving her husband, who dies leaving no children, is the owner of an open account payable to the husband and constituting community property, so that she may sue thereon without any administration.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 273.*]

2. JUSTICES OF THE PEACE (§ 43*)—JURISDICTION.

Under Sayles' Ann. Civ. St. 1897, art. 1568, defining the jurisdiction of justices of the peace, a justice's court has original jurisdiction of an action by a surviving wife on an open account for $130, payable to the deceased husband, and constituting community property

of the wife and deceased husband; there being no children.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 149–156; Dec. Dig. § 43.*]

3. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—ACTIONS BY SURVIVOR.

A debt owing to the community estate of a husband and wife does not, on the husband's death without children, become a trust fund in the hands of the debtor for the payment of debts due from the estate, and the existence of debts does not prevent the surviving wife from suing on the debt.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

4. EVIDENCE (§ 222*)—ADMISSIONS BY PARTY TO COUNSEL FOR ADVERSE PARTY.

The testimony of the attorney for plaintiff suing on an open account as to admissions by defendant of the indebtedness sued on is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 768–808; Dec. Dig. § 222.*]

5. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where defendant admitted in his pleadings the indebtedness sued on, the error, if any, in admitting evidence of admissions by defendant of the indebtedness, was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from Lubbock County Court; John R. McGee, Judge.

Action by Nancy M. Smith against R. W. Graves. From a judgment for plaintiff, defendant appeals. Affirmed.

Dillard & Moore, for appellant. W. H. Bledsoe, for appellee.

PRESLER, J. This suit was filed in the justice court, precinct No. 1, of Lubbock county, Tex., on the 26th day of April, 1910, by Nancy M. Smith, against the defendant, R. W. Graves, for the recovery of $130, alleged to be due her in the form of an open account, together with interest from January 1, 1910, at the rate of 10 per cent. per annum, and alleging that A. P. Smith being now dead, and plaintiff, who was his wife and is now his widow, being the sole heir at law, is the owner of said account and as such is entitled to bring this suit; the account filed as the basis of said suit being as follows:

"April 26th, 1910.

"R. W. Graves in account with Nancy M. Smith.

| | |
|---|---|
| November 15, 1909......... | $ 40 00 |
| December 10, 1909......... | 50 00 |
| December 30, 1909......... | 40 00 |
| | $130 00 |

"With interest from January 1, 1910, at the rate of ten per cent. per annum, said A. P. Smith being now dead, and plaintiff, who was his wife, and is now his widow, being sole heir at law, is the owner of said

account and as such is entitled to bring this suit."

The defendant answered by a plea to the jurisdiction of the court and by a special exception, setting up in substance: (1) That said suit was based upon a debt payable to the estate of A. P. Smith, and that said A. P. Smith died intestate in the month of February, 1910, and that there had been no administration on said estate, and that there was no person or persons legally authorized to receive the said sums of money; (2) that plaintiff had not set forth a sufficient cause of action in her petition, such as would entitle her as an heir at law of A. P. Smith's estate to maintain this suit, and in further answer by a plea admitted that he was indebted to the estate of the said A. P. Smith for money loaned to him by said A. P. Smith at different times, and that said sums of money were due and unpaid, and further that during the month of February, 1910, the said Smith died intestate, and that there has been no administration on said estate, and that one Nancy M. Smith, who resides in the state of Arkansas, is claiming to be the sole heir at law of the said A. P. Smith's estate and has sued this defendant, seeking to recover from him the sums of money which were due and owing by him and which he alleges he holds as a trustee for the credit of the said estate or for the lawful heirs of said estate, without first establishing her legal right thereto, and that the defendant could not at that time lawfully pay the said sum of money to the said Nancy M. Smith as sole heir at law of said estate, or to any other person, without incurring the responsibility of having voluntarily paid over money due to said estate to a person who had not shown herself legally entitled to receive the same, the repayment of which sum of money the defendant could and would be compelled to pay to an administrator appointed to settle the affairs of said estate, and further pleaded that he was ready and willing at that time, and had been ready and willing at all times since the death of said A. P. Smith, to pay said sums of money, upon the presentation of a properly executed receipt by any person showing themselves to be legally entitled to receive the same, and that he brings the money into court for the purpose of paying said sums of money should the court find that said Nancy M. Smith is the sole and only heir of the said A. P. Smith, and further pleaded that, since the plaintiff had at no time before the trial shown herself to be the legally constituted person to receive the said sums of money, and he had at all times been ready to pay the sum to such persons, he ought in consequence to be relieved of the payment of all costs in this suit in this behalf expended, and prayed the court to grant him such other and further relief as would relieve him from all further liability

to said estate for the repayment of said sums of money.

The justice court overruled the defendant's plea to the jurisdiction and exceptions and proceeded to try the case on its merits, and rendered judgment in favor of the plaintiff against the defendant, for the sum of $130, with 10 per cent. interest and costs of suit. From this judgment defendant appealed to the county court, wherein on the 15th day of October, 1910, the pleadings being the same as in the justice court, judgment was rendered overruling defendant's plea to the jurisdiction and exceptions and awarding judgment for the plaintiff, against the defendant and the surety upon his appeal bond, for the amount of the account sued upon, with interest from January 1, 1910, at the rate of 6 per cent. per annum, and all costs of suit; the court finding, according to the recitals of said judgment, as follows: That the defendant, R. W. Graves, was indebted to A. P. Smith in the sum of $130 for borrowed money; that since the making of said loan the said A. P. Smith died; that he left surviving him his widow, plaintiff herein; that he never had a child or children; that said money so due him was a part of the community estate of said A. P. Smith and the plaintiff herein; that same is due and unpaid. From this judgment appellant, the defendant below, appeals to this court, and here assigns error and asks that said judgment be reversed and this cause dismissed.

[1] It is evident from an inspection of the record and the evidence in this case that this suit is in effect an action upon the part of appellee, as survivor of the community between herself and her deceased husband, A. P. Smith, to recover in her own right, and as owner of the account sued on, a debt due said community estate and which she had the legal right to collect by suit or otherwise, Article 2220, Sayles' Civil Statutes 1897, is as follows: "Where the husband or wife dies intestate or become insane, having no child or children, and no separate property, the common property passes to the survivor, charged with the debts of the community, and no administration thereon or guardianship of the estate of the insane wife or husband shall be necessary." We think the evidence sufficiently supports the judgment rendered in this case and shows conclusively, as recited in the judgment, that the appellant was indebted to the deceased, A. P. Smith, in the amount recovered; that Smith was dead; that he left no child or children surviving him; that appellee was his wife and survivor; and that the debt due to A. P. Smith was a part of the community property of appellee and deceased. We therefore conclude that under the statute above cited appellee was the owner of said account in her own right and as survivor and sole heir at law of deceased and had the right to maintain this suit for the recovery of said debt,

and that no administration was necessary in order to authorize her to do so. Wall v. Clark, 19 Tex. 321.

[2] We further hold that under article 1568, Sayles' Texas Civil Statutes, the justice court of precinct No. 1, Lubbock county, Tex., had original jurisdiction to hear and determine said suit and that the county court of Lubbock county, Tex., under the statutes of this state, had appellate jurisdiction of the same.

It therefore follows that the trial court did not, in our opinion, err in overruling appellant's plea to the jurisdiction and special exception alleging that there had been no administration of the estate of A. P. Smith, and that there was no person or persons legally authorized to receive or collect the debt sued on, and that said court also properly overruled appellant's second ground of exception, we being of the opinion that no necessity for an administration is shown by the record in this case, and that appellee, under the law and the facts, was authorized to maintain this suit to recover the debt sued for in her own right and as owner of the same.

[3] We do not acquiesce in or think the contention of appellant well founded, as set out in his answer, to the effect that A. P. Smith having died intestate, and there being no administration on his estate, appellant held the money which he acknowledged to be due and owing by him as trustee for the creditors of said estate or lawful heirs of same, and that he could not pay said indebtedness to said Nancy M. Smith as the sole heir at law of said estate or to any other person, without incurring the responsibility of voluntarily paying over money due to the estate to a person who has not shown herself legally entitled to receive the same, and that because of such assumed trusteeship he could and would be compelled to repay, to an administrator appointed to settle the affairs of said estate, such sum of money so paid. We do not believe that the debt owing from appellant to the community estate of A. P. Smith, deceased, and appellee, became a trust fund in the hands of appellant for the payment of debts due by said estate, and we do not think that appellant, by virtue of his indebtedness to said estate, became in any way charged with the duty to see that said fund was applied to the payment of debts owing by said estate or to the satisfaction of the demands of its creditors, being of the opinion that the existence of debts owing by said community could in no way affect the right of appellee as survivor of said community and as owner, under the statute, of the account sued on, to maintain this suit. Walker v. Abercrombie, 61 Tex. 74; Woodley v. Adams, 55 Tex. 531.

[4, 5] We are further of the opinion that the objection to the admission of the testimony of W. H. Bledsoe, attorney for appellee, as to the statements of appellant made to him, admitting the indebtedness sued on, is not well taken, and further that, if it be conceded that said testimony was erroneously admitted, the error was immaterial in view of the admission in appellant's pleadings that he owed the debt sued on to deceased, A. P. Smith.

Finding no reversible error assigned by appellant or disclosed by the record, and not being satisfied that this appeal is for delay only, as suggested by appellee, we conclude that the judgment appealed from should be in all things affirmed, without damages, and it is, accordingly, so ordered.