## TERRELL v. LANDRUM et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 25, 1913. Rehearing Denied Feb. 15, 1913.)

SALES (§ 391*)—FRAUD—LIABILITY OF SELLER.

Where a seller of hogs, infected with cholera, represented that they were sound, and the buyer relied on the representation, not knowing the facts, and executed a note for the price, which the seller transferred before maturity to a bona fide purchaser for value, the seller was liable to the buyer, adjudged liable on the note, for the loss sustained by the death of the hogs soon after the purchase.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. § 391.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by H. J. Landrum and another against W. L. Terrell and others. From a judgment for defendant Watson against plaintiffs and codefendant W. L. Terrell, and in favor of plaintiffs against Terrell, the latter appeals. Affirmed.

Ed. S. Lauderdale and Seay & Seay, all of Dallas, for appellant. George Sergeant and Cecil L. Simpson, both of Dallas, for appellees.

RAINEY, C. J. Appellees, Landrum and Craig, sued appellant Terrell and W. F. Watson to cancel four promissory notes for $250 each, interest and attorney's fees, executed by plaintiff to defendant Terrell for the purchase price of 133 hogs. It was alleged, in substance, that the bunch of hogs purchased were hogs defendant Terrell had just purchased from one E. S. Perryman, and said Terrell was to deliver said hogs at the Missouri, Kansas & Texas Railway depot at Dallas, to be shipped to Denton county; that Terrell represented all of said hogs to be sound, and plaintiffs not being experts, and relying on said representation, made the purchase in ignorance of the fact that said hogs were unsound; that said Terrell made an exchange of two hogs that had been exposed to cholera for two of the Perryman hogs, which exchange was not known to plaintiffs; and that all of said hogs, except six, had died

of cholera when the first of said notes became due, on March 25, 1911, the date of the purchase being on February 9, 1911. It was further alleged that Watson was making some claim to ownership of said notes; that the consideration for said notes had failed; and further in the alternative for judgment against Terrell for the amount of judgment Watson might recover against them on said notes. Terrell answered by general denial and by cross-bill for a recovery against plaintiffs upon said notes, and a foreclosure on the mortgage on said hogs given to secure the purchase price. Watson answered by general denial and that he was an innocent holder of the said notes for value, and asked judgment against plaintiffs on said notes and for a foreclosure of the mortgage, etc.

A trial resulted in a verdict and judgment in favor of Watson against plaintiffs and appellant Terrell for $892, and in favor of plaintiffs against Terrell for $892, and the cancellation of one-note held by Terrell. The court instructed a verdict in favor of Watson, the testimony showing him to be an innocent holder, and submitted the issue whether or not Terrell represented the hogs to be sound, but were diseased at the time of the sale, and afterward died from the result of said disease, and their value lost to plaintiffs, to find for plaintiffs against Terrell.

The evidence supports the allegations of plaintiffs' petition to the effect that said hogs died of cholera soon after the purchase, and that they were infected with said disease at the time of purchase; that Terrell represented that they were sound, which representation was relied on by plaintiffs, they not knowing the hogs were diseased; and that Terrell, without the knowledge of plaintiffs, exchanged two of the Perryman hogs and placed in their stead two others which had been exposed to cholera. These facts show liability of Terrell to plaintiffs, and support the verdict and judgment. Blythe v. Speake, 23 Tex. 429; Carter v. Cole, 42 S. W. 369.

All the assignments have been considered; but none present reversible error, and the judgment is affirmed.