MASON v. SLAUGHTER et al. (No. 711.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1917. Rehearing Denied June 7, 1917.)

1. SALES ☞372—SELLER'S ACTION FOR DAMAGES—DEFENSES.

In seller's action for damages for breach of a cotton seed sales contract, it is no defense that plaintiff had loaded and intended to ship more than the amount specified in contract, since defendant buyers could accept the correct amount and reject remainder.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1089.]

2. SALES &#9736;&rarr;371—SELLER'S ACTION FOR DAMAGES—NECESSITY OF TENDER.

Where defendant buyers breached a sales contract by failing to give shipping instructions, plaintiff seller may recover damages for such breach without tendering the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1086–1088.]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by J. C. Mason against H. H. Slaughter and another. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Scarborough & Davidson, of Abilene, for appellant. Cunningham & Sewell, of Abilene, for appellees.

HARPER, C. J. This suit was brought by J. C. Mason against H. H. Slaughter and T. C. Weir to recover damages for breach of two certain contracts to purchase 55 tons of cotton seed. Plaintiff alleged that the contracts were in writing, the first for 20 tons f. o. b. cars at Merkel, during any day in October, after the contract was made; the purchasers to give shipping orders, which they failed to do. The second, for 35 tons f. o. b. cars at Tye, purchasers to furnish shipping instructions, which they failed to do. Defendant H. H. Slaughter answered by general demurrer and general denial. Defendant T. C. Weir answered by denial of partnership, and that if any cotton seed were contracted it was to Slaughter in his individual capacity. (No answer to the merits by Weir.) Tried by the court without jury, and judgment rendered for defendants, from which this appeal is prosecuted.

The court made the following findings of fact and conclusions of law:

"(1) The court finds as a fact that the defendants H. H. Slaughter and T. C. Weir were partners, trading under the firm name of Abilene Live Stock Commission Company, engaged as brokers in buying and selling cotton seed during the fall of 1915, and during the months of October and November, 1915, and that said defendants, acting as partners, purchased from the plaintiff 55 tons of cotton seed, per contracts hereinafter set out. And the court finds as a fact that T. C. Weir did not instruct the plaintiff, and did not advise the plaintiff, that he would not be bound by a contract made by Slaughter, his copartner.

"(2) The court finds that on the 26th day of October, 1915, the plaintiff offered to the defendants for sale 55 tons of cotton seed, 20 tons at Merkel, Tex., at $40 per ton, and 35 tons at Tye, Tex., at $40.50 per ton; the contract being reduced to writing on the following day, to wit, the 27th day of October, 1915. The contract being in words and figures as follows: 'Agreement Covering Sale of Cotton Seed. Agreement covering sale of cotton seed this day made to the Abilene Live Stock Commission Company of Abilene, Texas, as follows: We have this day sold to the Abilene Live Stock Commission Company of Abilene, 20 tons dry and clean cotton seed. Price $40.00 per ton f. o. b. cars at Merkel, Texas, shipment to be made as follows: Any place designated by the Abilene Live Stock Commission Company during the month of October, 1915. Terms, sight draft to be made with B/L attached, through the Farmers' & Merchants' National Bank, Abilene, Texas, covering each car. Weights and quality guaranteed by the seller, drafts to be made without exchange. The above accepted and agreed to by the undersigned. Abilene Live Stock Commission Co., by H. H. Slaughter, Seed Buyer, by J. C. Mason, Seller.'

"That the following contract was also made at the same time; said contract being as follows: 'Agreement Covering Sale of Cotton Seed. Agreement covering sale of cotton seed this day made to the Abilene Live Stock Commission Company of Abilene, Texas, as follows: We this day sell to the Abilene Live Stock Commission Company of Abilene, Texas, 35 tons of sound, dry, clean cotton seed, price $40.50 per ton f. o. b. cars at Merkel, Texas. Shipment to be made as follows: Any place designated by the Abilene Live Stock Commission Company, during the month of October, 1915. Terms, sight draft to be made with B/L attached, through the Farmers' & Merchants' National Bank of Abilene, Texas, covering each car, weights and quantity guaranteed by the seller, draft to be made without exchange. The above accepted and agreed to by the undersigned. Abilene Live Stock Commission Co., by H. H. Slaughter, Seed Buyer, by J. C. Mason, Seller.'

"That the defendants wrote the plaintiff the following letter, inclosing the two written contracts: 'Abilene, Texas, October 27, 1915, Mr. J. C. Mason, Merkel, Texas—Dear Sir: Inclosed find contract sign and return original on receipt we will wire shipping instructions. Thanking you for the business, I remain, Yours very truly, [Signed] H. H. Slaughter.'

"(3) That, at the time the contract was signed, plaintiff had on hand at Merkel, Tex., 25 tons of cotton seed which were during said month of October loaded in a car, but he had not made a calculation on the amount, and did not know the amount of seed he had on hand. Plaintiff had bought from the Caps Gin Company a bulk of cotton seed, the amount of which he did not know at the time the contract was signed, but which actually aggregated 41 tons, which seed were in the cars at Tye on October 30, 1915. That the defendants at no time during October knew how much seed the plaintiff had on hand. That some time in the week following the 31st of October sight drafts for the amount of the contract price, with bill of lading attached, were presented to the defendants and payment demanded therefor, for the 41 tons loaded at Tye, said seed having been shipped to Abilene, Tex., and the defendants refused to accept said seed or make payment therefor. That plaintiff made no effort to see that the proper amount of seed contracted for were loaded in cars at Tye and Merkel, but expected defendants to take the seed notwithstanding he had loaded and intended to deliver 11 tons of the value of $440 more than the defendants had contracted to buy, and during said month of October intended to ship same with sight draft and bills of lading attached drawn on defendants, and did not ship said seed during said time because he had failed to receive shipping instructions. That at no time during the month of October did plaintiff make any effort to ascertain the quantity of seed he had in said cars, and hence did not inform defendants that there were 11 tons excess. Hence I conclude that by putting 11 tons more seed in the cars than the contract called for with the intention on the part of plaintiff to deliver same and to draw sight drafts on defendants with bills of lading attached, did not show that plaintiff was ready, able, and willing to make proper delivery during said month of October, according to his contract, and therefore he breached said contract.

"(4) On the last business day in the month of

October, the defendants sent the plaintiff the following telegram: 'Abilene, Texas, 10/20/15. J. C. Mason, Merkel, Texas, Thirty-eight is all I am allowed to give shipping instructions on. Will take other seed next week. [Signed] H. H. Slaughter.' The defendant Slaughter testified that 38 meant $38 per ton, but did not recall as to why he sent said telegram, but that he might have been giving him the market quotations, and made no further explanation as to what said telegram meant or why he sent same.

"(5) The court finds that defendants failed to give any shipping instructions whatever to plaintiff during October or any other time subsequent to said contract.

"(6) That by failing to give shipping instructions defendants breached their contract with plaintiff, but, by failing to put himself in a position to comply substantially with the terms of said contract as expressed in the third paragraph thereof, plaintiff had also breached said contract.

"(7) The court finds the difference between the contract and the market price at the time said contract was breached was $127.50, and that, if plaintiff were entitled to recover, he would be entitled to recover $127.50.

"(8) The court concludes as a matter of law, however, that because plaintiff had in cars at Tye and Merkel more seed than he had contracted to sell defendants, with the intention of delivering said seed on his contract with sight drafts drawn on defendants with bills of lading attached, thereby making said delivery indivisible, the defendants were under no obligation to take and pay for said seed, and therefore the plaintiff is not entitled to recovery."

Appellant presents one assignment, as follows:

"Because the court erred in his conclusion of law, in holding and concluding that the plaintiff was not entitled to recover because he had more cotton seed at the point of shipment than the defendants had contracted to accept, and holding that such conduct on the part of plaintiff was a breach of the contract, and denied his right of recovery. Under the facts as found by the court, the defendants breached their contract when they refused to give shipping instructions on the seed bought from the plaintiff, and hence it was not necessary for the plaintiff to make a tender of the seed, and the fact that he had more seed in the cars at the point of shipment than the contract called for was not a breach of the contract, and was not such conduct on the part of the plaintiff as would relieve the defendants from accepting and carrying out their contract."

[1,2] The first proposition, which is as follows is well taken:

"The contract in question between the parties required the buyer to give shipping instructions, and a failure on the buyer's part to give shipping instructions during the life of the contract is a breach of the contract, and the seller's right of action is complete without a tender." Swift v. Continental Co., 170 S. W. 114; Foote v. Heisig, 94 S. W. 362.

And the fact that appellant had 41 tons loaded at Tye and shipped to Abilene with the expectation of selling them to appellees, when the contract called for 35 tons at Tye, is no defense to plaintiff's cause of action: (1) Because this would not be sufficient seed to cover all called for by the contract, 55 tons. (2) That plaintiff had more seed loaded than defendants contracted for could not relieve them from taking the amount in fact called for by the contracts. They could take such

as they agreed to take and reject the balance. And (3) defendants, having failed to give any shipping instructions, thereby breached their contract; the plaintiff was thereby relieved from a tender of any amount.

The cause will therefore be reversed and here rendered for appellant for $127.50.