HeMphill, Cii. J.
It is very clear that the County Court of Washington county liad no authority to grant tire letters of guardianship now sought to be revoked. The rniuors, on the intermarriage of their mother with the appellant, had removed to Burleson county, and have since continued to reside there. The appointment of their guardians pertained to the jurisdiction of the chief justice of the latter and not of the former county. The statute of 1S4S, in several of its provisions, declares in effect that the guardianship of minors is within the special cognizance of the chief justices of the counties of their respective domiciles. The third section (art. 1534) provides that whenever it shall come to the knowledge of any chief justice that there is within his county any minor without any legal' or natural guardian, if such minor he under the age of fourteen years, such chief justice shall appoint a guardian for such minor; and the section further provides for the appointment of his guardian if lie he over fourteen years of age. And by the sixth section (Art. 1537) it is declared that a minor having a guardian of his person or of liis estate, appointed by the chief justice, upon attaining the age of fourteen years, may choose another guardian of his person or of Ids estate before the chief justice of the county of the minor’s residence, &c. The only distinct exception to the general rule is iu relation to testamentary guardians who receive their letters from the court where the will is probated; and their letters must be obtained within six mouths after probate, otherwise their appointment will be void} (Art. 1538,) and the jurisdiction of the County Court of the minor’s residence to appoint another guardian would at once attach. The exception, however, has no application in this case. The deceased was intestate, and consequently the court within whoso jurisdiction the minors reside has the exclusive power over questions touching the appointment of their guardians.
It was contended that the power of the chief justice of Washington county was deducible from the provisions of the act regulating proceedings in the District Court requiring executors, administrators, guardians, and trustees to be sued in the county where the estate is administered. If this position be supported by the proper construction of the provision then the provision itself would lose its force as being repugnant to those on the same subject-matter in the statute of 184S. But the terms do not necessarily imply the meaning attached to them. The language goes no further than to require that the officers intrusted with the control of estates shall be sued in the counties of their administration. Thus executors and administrators can be subjected to suit only in the county where the succession is open, and trustees and guardians where the trust estate or that of the wards is possessed and administered.
But the point under consideration is not affected by the provision, whatever may be its construction. Its solution depends upon and is controlled by the statute of 184S.
There is a propriety in vesting this jurisdiction in the court of the minor’s residence. He may be interested in more than one estate, and this would involve the necessity of more than one guardian, if the power of appointment attaches as an incident to the court where the succession is opened. In this case the father died iu one and the mother in another county, and if the latter left any estate there might be two contemporaneous guardians, if the fact of a succession being openecl in a particular county confers upon tire court of that county the power of appointing a guardian to the minor heirs of such estate. But the confusion resulting from such conflict is avoided by restricting the power to one County Court, that being the one whoso territorial limits embrace -the residence of the minor.
The act of the County Court of Washington.in the appointment of the ap-pellee as guardian being- void, there can be no doubt that the same court has the power to declare its judgment a nullity and revoke its letters for guardianship. (11 Wend. R., 542; 15 Pet. R., 119; Chambers v. Hodge, 3 Tex. R., *57 531.) Such act of revocation is not the exercise of the power of revising for error or irregularity a judgment rendered in the exercise of a competent jurisdiction, amt which consequently remains valid until reversed, but it is the formal declaration of the nullity of that which is in itself void which gives no right, confers no authority, and may at any time when set up be collaterally impeached. Under such appointment the appellee eau rightfully perform no act; lie is not vested with either the character or authority of a guardián; but the semblance of authority which he lias may embarrass the guardian legally appointed, operate greatly to the prejudice of the minors and of thircl persons, and should lie formally revoked and annulled.
Note 2T. — Wall v. Clark, 19 T., 321; Trammell v. Trammell, 25 T. Supp., 261; Russell v. Miller, 40 T., 494.
It is ordered, adjudged, and decreed tiiat the judgments of the County and District Courts be annulled and reversed; and it is further ordered, adjudged, and decreed that tlie order of the County Court of Washington county appointing the appellee as guardian of tlie said minors, Albert and Ann Jordan, be and tlie same is hereby annulled, vacated, and wholly set aside, and that his letters of administration be and the same are hereby revoked.
Reversed and reformed.