CHARLES L. WALL, ADM'R, v. SPENCER CLARK.

On the death of the wife without children, the community property belongs to the surviving husband, and neither the County Court nor the administrator of the wife, can exercise any control over it; and it would seem that, in such case, the husband is not required to file an inventory and appraisement, under the fourth Section of the Act of August 26th, 1856, supplementary to the Act of March 13th, 1848, entitled an Act better defining the marital rights of parties.

An appeal lies from the refusal of the County Court to revoke an order of a previous Term, entered in a matter over which the Court had no jurisdiction.

Where the County Court makes an order to sell property, and at a subsequent Term, while the proceeding is still *in fieri*, it is shown that the property does not belong to the estate, the order of sale should be revoked.

Appeal from Houston. Tried below before the Hon. John H. Reagan.

At November Term, 1856, on petition of Charles L. Wall, the County Court granted him letters of administration on the estate of Margaret Clark, deceased. It did not appear when she died. At the same Term the administrator applied for an order to sell the perishable property belonging to said estate, describing it. In this petition the administrator said there were no children. The order was then granted. Before the next Term, Spencer Clark filed his petition in said Court, representing that his wife, the said Margaret, having died without leaving children, he became sole owner of all the

personal effects of said deceased, as surviving husband ; that said Margaret left certain real estate and slaves, describing them, which were subject to division in equal parts between petitioner and the heirs of said Margaret.  Petitioner declared his readiness to give bond for the payment of all debts of said estate, or of the community, and prayed a revocation of the order of sale, and that the administrator be ordered to turn over to petitioner all the property except the land and slaves, and that petitioner be allowed to keep the slaves Jim and Mary Ann in his possession until a division can be had between himself and the heirs of said Margaret.  At December Term, 1856, said petition was heard and refused, and the administrator ordered to proceed and make the sale.  The petitioner, Spencer Clark, appealed.

On the 11th of March, 1857, in the District Court, the surviving husband filed an amendment, alleging that since filing his petition in the County Court, he had given bond and security in the amount of the appraised value of the estate of said Margaret Clark, deceased, conditioned for the payment of all debts of her separate estate and of the community, and that he had filed his petition for a distribution of said estate, upon which service had been made ; he therefore prays that your Honor will order said Charles L. Wall to turn over to him all the personal property and effects of said deceased, as well as the community property of said estate, to which he is entitled as surviving husband of said Margaret, she having departed this life without leaving any children.

A jury was waived and the cause submitted to the Court. The inventory filed by Wall was given in evidence, and showed as the individual property of said Margaret, six slaves ; as community property a woman slave and child, and the perishable property which had been ordered to be sold.  The surviving husband then proved that, after perfecting his appeal, he filed a bond in the County Court, in the sum of $6,498 75, . for the payment of the debts of said estate, and applied for a

division thereof, under Art. 1220, Hart. Dig.; and that said bond had been approved by the Chief Justice.

On the case as presented, the Court reversed the decision of the County Court, and ordered "the personal property and the slaves Jim and Mary Ann, to be delivered to the surviving husband, upon his giving bond in the sum of $6498 75, in terms of the law in such case made and provided, within twenty days from this.date, and to be approved by the Clerk of this Court," and for costs to be paid in due course of administration, &c. Administrator appealed.

*W. M. Taylor*, for appellant.

*W. A. Stewart*, for appellee.

ROBERTS, J. Clark and his wife had no children. They had community property, and she had separate property. Having died, her estate was administered upon by Wall, in November, 1856. At the same time he obtained an order to sell the community property and hire out the negroes, both of the community and separate estate; and had appraisers appointed. At the next Term of the County Court, an inventory was returned, and Clark presented his petition to the Court, claiming the community property as his own, and asking that the order of sale should be revoked, and that the administrator be required to deliver to him the community property, and two negroes of the separate estate of his wife.

The Court determined that his petition to revoke could not be granted, and ordered the sale to proceed; from which Clark took an appeal to the District Court. The District Court reversed the judgment of the County Court, and ordered the property to be given over to Clark, upon his giving bond in twenty days.

The main question is, should the County Court have revoked the order of sale? The statute of 26th August, 1856, provides, "that it shall not be necessary for any surviving hus-

band to administer upon the community property of himself and his deceased wife, but he shall have the exclusive management, control and disposition of the same after her death, in the same manner as during her life, subject to the provisions of this Act." (Adjourned Session, 1856, page 51.) The third Section of said Act requires the husband, in the event his wife had a surviving child or children, to file an inventory of the community property. The fifth Section empowers the County Court to require a bond from the husband, or to "appoint administration over the estate, as in other cases," upon the heirs of the wife shewing that the "husband is wasting or mismanaging, or is about to waste or mismanage said community property, or is about to remove it out of the State, or otherwise dispose of it, in such manner as to injure or defraud the right of such heirs."

This inventory, bond and grant of administration, could only be necessary, and is intended to be provided for only, in the event that the wife left a surviving child or children. That there were no such children, was admitted by the administrator in his petition for the order of sale. There was then, as between the administrator and surviving husband, no disputed fact to be determined by the Court. And there could be as little dispute about the law arising upon the admitted facts. The community property belonged to the surviving husband, and was not subject to the administration of Wall. (Art. 2422, Hart. Dig.; page 51, Adjourned Session, 1856, Sec. 2.) Under such circumstances the order of sale should have been revoked. Every thing had been admitted which showed that the administrator and the Court had no control whatever, over the property. In Hartwell v. Jackson, (7 Tex. R. 58,) it is said "whatever may be the extent of the jurisdiction of the Probate Court, its powers are not so restricted as to incapacitate it from making the necessary inquiries as to what property does or does not belong to the estate." Whenever the Court acts without having jurisdiction, such acts may be

revoked. (Munson v. Newson, 9 Tex. R. 109 ; Finch v. Edmonson, 9 Id. 504.) When the Court is in a situation to take cognizance of the subject, and merely makes an erroneous judgment, that could not be questioned at a subsequent Term. (Neil v. Hodge, 5 Tex. R. 487 ; Davis v. Stewart, 4 Id. 223 ; Hartwell v. Jackson, 7 Id. 576.) Such is not the case before the Court. According to the administrator's own allegations, in his petition for the order of sale, in connection with his inventory, it was manifest that he had no right to, or control over, the property ordered to be sold, and that the Court had no right to make any order concerning it. The Court erred in not revoking the order of sale, and in ordering the sale to proceed.

The administrator properly had charge of the separate estate of the deceased wife, and the order of the County Court relating to that, even were it erroneous, would not now be revised upon an appeal from a refusal to revoke it. The administrator having a right to retain the separate estate, it was error in the District Court to order him to deliver to Clark two of the slaves that belonged to the separate estate. Judgment will be reversed and remanded, with directions to enter judgment in conformity with this opinion.

Reversed and remanded.