STEVE NEIL v. THE STATE.

AGGRAVATED ASSAULT—JURISDICTION.—Under the act of August 13, 1870, defining the jurisdiction of justices of the peace, those officers had no jurisdiction to try one charged with an aggravated assault. If jurisdiction was improperly assumed, an appeal from a judgment of conviction to the District Court could not thus invest that court with jurisdiction, and on such appeal the case should be dismissed.

APPEAL from Lamar.   Tried below before the Hon. John C. Easton.

*J. M. Long,* for appellee.

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The appellant, who was charged with an aggravated assault before W. J. Bonner, a justice of the peace for Lamar county, was tried by a jury of six men, and fined one hundred dollars.   His motion for a new trial being overruled, he appealed to the District Court.   The judgment of the District Court recites that the cause was dismissed because the appellant failed to appear and answer the charge.   The appeal being dismissed, the court awarded a *procedendo* to the justice of the peace, directing him to execute the judgment of his court, and further directing that a *capias pro fine* should issue for the costs of the District Court.   His motion for a rehearing being overruled, he appealed to this court.

It is objected that the justice of the peace had no jurisdiction to try the defendant for an aggravated assault; that the act of 1873, conferring additional jurisdiction on the presiding justices of the peace of Lamar and Fannin counties, is unconstitutional.

It is not shown that appellant was tried in the justice's court under the act of 1873.   This act was passed on May 26th, and took effect from and after the next general election.

The trial was in January following.   The act referred to provides that the presiding justices of Lamar and Fan-

nin counties, in addition to the criminal jurisdiction now conferred on them by law within their respective precincts, shall also have concurrent jurisdiction with the District Courts, coextensive with the limits of their respective counties, over all offenses of a less grade than felony. It further provides that prosecutions for misdemeanors before the presiding justices may be commenced by information filed by the county attorney, and that the defendant shall be entitled to a trial by jury of twelve men. These requisites of the statute were not complied with in the justice's court, if the defendant was tried under that statute.

The proceeding appears to have been commenced and carried on under the general laws conferring jurisdiction on justices of the peace, and not under the act of 1873. The complaint was made to the justice of the peace without information filed by the county attorney. The trial was before a jury of six men, and not a jury of twelve men, as required by the act of 1873. The facts of the case, so far as they are shown by the record, do not warrant the conclusion that the justice of the peace was acting under this statute. His jurisdiction to try a case of aggravated assault must therefore be tested by the act of August 13, 1870, defining the jurisdiction and duties of the justices of the peace.

In *ex parte* J. D. McGrew, 40 Tex., 472, it was decided that justices of the peace had not such jurisdiction. The justice of the peace having no jurisdiction to try the case, the District Court was without it on appeal, and the cause should have been dismissed.

The objection that the act of 1873 is unconstitutional requires further examination and discussion than the counsel for appellant has bestowed upon it in his brief, and not being necessary to the disposition of the case, is not now decided.

The judgment is reversed and case dismissed.

REVERSED AND DISMISSED.