STATE OF TEXAS v. A. J. PATTERSON.

Decided November 3, 1897.

**Trespass to Try Title—Venue—Jurisdiction.**

A defendant sued for the recovery of land in a county other than that in which the land is situated and in which he resides, should plead to the venue in proper form and time. Without answer, and on his oral suggestion of these facts, apparent on the record, it was error to refuse to give judgment by default and to dismiss plaintiff's case for want of jurisdiction.

ERROR to Llano. Tried below before Hon. W. M. ALLISON.

*Wm. J. Berne, Jr.*, for plaintiff in error.—1. Where suit of trespass to try title against but one defendant is instituted in the district court of a county, and the petition affirmatively shows that both the land lies and the defendant resides in one county, and that this is not the county where suit is brought, said cause can be legally heard and determined in the county where instituted, in the absence of a pleading by defendant demanding his privilege to be sued in the county where the land lies and he resides. In other words, the only effect of article 1194, and section 14 thereof, Revised Statutes of 1895, is to confer upon the defendant a personal privilege. Const., art. 5, sec. 8; Willis v. White, 29 S. W. Rep., 819; De La Vega v. League, 64 Texas, 214; Bonner v. Hearne, 75 Texas, 251; King v. Maxey, 28 S. W. Rep., 402; State v. Snyder, 66 Texas, 695; Russell v. Railway, 68 Texas, 650; Martin v. Robinson, 67 Texas, 382.

2. The court erred in refusing to give plaintiff judgment by default for the title and possession upon reaching the case on call of the appearance docket, the plaintiff having demanded same, and defendant having been duly served with citation that required him to answer at that term and having failed to file pleadings of any kind. Rev. Stats. 1895, arts. 1263, 1282, 5267.

COLLARD, ASSOCIATE JUSTICE.—Suit by the State of Texas, in form of trespass to try title, for certain lands described in the petition, against defendant in error, in Llano County, filed October 28, 1895. The petition is as follows:

"THE STATE OF TEXAS,　}
　"COUNTY OF LLANO.　}　In the District Court of Llano County, Texas.

"To the Hon. W. M. Allison, Judge of the Thirty-third Judicial District of Texas: The State of Texas, as plaintiff herein, complaining of A. J. Patterson, who resides in Mason County, Texas, and is hereinafter styled defendant, respectfully represents that the plaintiff is the legal and equitable owner of and entitled to the possession of the following land situated in the County of Mason, State of Texas, which was surveyed for the public free school fund of Texas, to wit: Survey No. —, containing 320 acres, by virtue of certificate No. 21-332, issued to the

San Antonio & Mexican Gulf Railway Company, and said land is the west one-half of section 12, and the original purchaser is George L. Hendryx, and the section number is 12. That heretofore, to wit, on or about the 1st day of October, A. D. 1892, the defendant unlawfully and wrongfully entered on said lands and ejected plaintiff therefrom, and still wrongfully retains and holds possession of the same, failing and refusing to surrender the same to plaintiff, though often requested so to do. Plaintiff further says that the defendant sets up some kind of claim to said premises, which claim is a cloud on plaintiff's title and prevents plaintiff from selling or disposing of same to advantage. Plaintiff avers that the use, rents, and profits of said lands are reasonably worth the sum of $320 per annum, and that the defendant has converted to his own use the rents and profits of said lands, to plaintiff's damage in the sum of $1000.

"Premises considered, plaintiff prays for service hereof as required by law, on hearing she have judgment for said premises, for writ of possession, for rents and profits, and for costs of suit, and she will ever pray, etc."

Citation was duly issued to Mason County on the same day, requiring defendant to appear on the fourteenth Monday after the first Monday in September, 1895. The sheriff's return shows legal service on the defendant Patterson on the 18th day of November, 1895, by the sheriff of Mason County.

December 10, 1895, the cause was regularly reached on the call of the appearance docket in the District Court of Llano County, when, their being no pleadings filed by the defendant, the plaintiff demanded judgment by default; thereupon the defendant orally suggested to the court that it had no jurisdiction of the cause, for the reason that the premises sued for were situated in Mason County, and that the defendant was a citizen of Mason County. The court, as the petition showed, finding that the suggestion was true, dismissed the cause upon the ground that it had no jurisdiction.

Plaintiff filed petition for writ of error to this court August 28, 1896, upon which citation issued to Mason County on the 31st of August, 1896, directed to the sheriff of Mason County, and was returned by the sheriff as served on the 25th day of September, 1896, five days after the return day of the writ. Alias citation was issued March 27, 1897, directed to the sheriff of Mason County, which was received by him March 28, 1897, and duly served upon defendant in error on the 7th day of April, 1897. The transcript was filed in this court on the 9th day of June, 1897.

*Opinion.*—The court below erred in refusing to render judgment by default upon demand of the plaintiff, and in dismissing the suit for want of jurisdiction. The questions presented by the suggestion of defendant, that because the land sued for and the residence of the defendant were in a county other than that in which the suit was brought, the court was without jurisdiction, were questions relating to venue, and not to the

power of the cour. to try the cause. The defect of venue could only be taken advantage of by pleading the fact in proper form and time. There was no demurrer or answer of defendant, claiming his personal privilege to be sued in the county of his residence, or in the county where the land was situated. The court should have granted judgment by default as demanded by the plaintiff. Sayles' Rev. Stats., art. 4803; Rev. Stats. 1895, art. 5267.

Plaintiff has, upon motion granted by this court, dismissed that part of its suit claiming rents and damages, which leaves no issue of fact to be determined requiring the intervention of a jury. This being the status of the case, this court is required, upon reversing a judgment, to render such judgment as should have been rendered by the court below, "except when it is necessary that some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain." Rev. Stats., 1895, art. 1027.

There being nothing left in the case but the suit for the land and the possession of the same, upon which judgment final by default should have been rendered by the court below, it is ordered that the judgment of the lower court be reversed, and that judgment be here rendered for the plaintiff, final by default, against the defendant for the land sued for, and for all costs of suit in the court below and in this court on this writ of error.

We refer to the opinion of this court in the case of the State of Texas v. Patterson, filed February 10, 1897, which determines all the questions involved in the case and sustains the present action of the court.

*Reversed, and rendered for plaintiff.*