### CHARLES WOLFE v. A. P. WILLINGHAM.

Decided May 9, 1906.

**Trespass to Try Title—Jurisdiction—Venue.**

The District Court has jurisdiction to try a case of trespass to try title for land situated in another county, and it is error to dismiss such case on demurrer questioning the jurisdiction. The question was one of venue only and to be raised by plea of privilege.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Sidon Harris,* for appellant.

No briefs for appellee were on file.

FISHER, CHIEF JUSTICE.—This is an action of trespass to try title brought in Travis County by the appellant against appellee for the recovery of land situated in Mason County. Besides a general denial and a plea of not guilty, defendant's answer consists in the following exception: "Now comes A. P. Willingham, the defendant in the above numbered and entitled cause, and by her attorney excepts to plaintiff's petition and says that the same is insufficient in law, because it appears therefrom that this is a suit in trespass to try title for the recovery of a tract of land wholly situated and lying in the county of Mason and State of Texas, and that the defendant resides in said county of Mason, and therefore this court has no jurisdiction of the subject matter of this suit and to try the same."

The judgment of the court shows that this demurrer was sustained, and it expressly states that the suit was dismissed because the trial court had no jurisdiction. We do not undertake to say what would be the power of a trial court to prevent its records from becoming the dumping ground of cases, the venue of which properly belong to other counties.

for, as the record here stands, that question is not before us. It affirmatively appears that the court dismissed the plaintiff's case on the ground that it had no jurisdiction. It is expressly alleged in the plaintiff's petition that the defendant resided in Mason County, and that the land was situated in that county. The court assumed from this statement that it had no jurisdiction. The question is not one of jurisdiction but of venue. The District Court of Travis County, of course, is one of general jurisdiction, which embraces the authority to try all actions of trespass to try title, and there is no limitation in the law that restricts the exercise of this power solely to lands lying within Travis County. This was so decided by this court in State v. Patterson, 40 S. W. Rep., 224, and the same case in 42 S. W. Rep., 370.

Upon a proper plea presenting the question of venue, the court could have dismissed, but there was no such issue or question presented to the trial court. It merely dismissed on the ground of want of jurisdiction, which ruling is in opposition to the authorities cited.

Judgment reversed and cause remanded.

*Reversed and remanded.*