## WEEKS v. DE YOUNG.　(No. 8730.)*

(Court of Civil Appeals of Texas. Galveston.
July 1, 1926. Rehearing Denied
Feb. 3, 1927.)

1. **Insane persons ⚷⇒33(1)—Insane wife's husband, who suggested that county judge appoint wife's brother guardian of her estate, waived posting of statutory notice of application.**

Where, after county judge advised husband that he thought it was necessary to appoint a guardian for wife, who was of unsound mind, husband suggested that wife's brother be appointed as guardian, husband waived posting of statutory notice of application of appointment of guardian in so far as it affected him.

2. **Courts ⚷⇒200½—County probate court cannot determine title as between guardian of insane wife and husband claiming it as community property.**

County court sitting in probate has no jurisdiction to determine title of property as between guardian claiming it as ward and another claiming it in his own right, and it therefore had no jurisdiction to determine title between guardian of wife of unsound mind, who claimed property as wife's separate estate, and her husband, claiming it as community property.

3. **Courts ⚷⇒202(5)—County probate court not having jurisdiction to determine title, district court on appeal had no jurisdiction to determine title.**

County court sitting in probate, not having jurisdiction to determine ownership of property as between guardian of wife and husband who claimed it as community property, district court on appeal did not have jurisdiction to determine title.

4. **Insane persons ⚷⇒65—Husband claiming that guardian of wife of unsound mind has taken community property valued over $1,000 has cause of action in district court.**

If guardian of wife of unsound mind takes property of value of over $1,000, husband claiming right thereto as community property has cause of action against guardian in district court, in which guardian may set up defense of estoppel and other proper defenses.

On Motion for Rehearing.

5. **Insane persons ⚷⇒32—Statute requiring guardianship proceedings to be brought in county where person of unsound mind resides held mandatory and jurisdictional (Vernon's Sayles' Ann. Civ. St. 1914, art. 4059; Rev. St. 1925, arts. 4102, 4117).**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4059, providing that proceeding for appointment of guardian for person of unsound mind shall be commenced in county where such person resides, is mandatory and jurisdictional, in view of Rev. St. 1925, arts. 4102, 4117, and appointment of guardian by court of another county, even in absence of plea of privilege as in case of a venue statute, was void.

6. **Courts ⚷⇒91(1)—Supreme Court decision not overruled must be followed by Court of Civil Appeals.**

Decision of Supreme Court which has never been overruled must be followed by Court of Civil Appeals.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Proceeding by John De Young to set aside the appointment of John A. Weeks as guardian of the person and estate of Mary De Young, non compos mentis. Judgment denying relief prayed for was affirmed by the district court, and John A. Weeks appeals. Affirmed in part, and reversed and rendered in part.

Kennerly, Williams, Lee & Hill, and Fred L. Williams, all of Houston, for appellant.

John G. Wilson, of Dallas, and D. A. Simmons, of Houston, for appellee.

LANE, J. On the 15th day of July, 1921, the county court of Harris county, Tex., sitting in probate, appointed John A. Weeks temporary guardian of the person and estate of Mary De Young, non compos mentis. On the 11th day of October, 1921, such appointment was made permanent, and Weeks filed his oath and bond as required by law and took possession of property of the value of $20,680 which he claimed as the property of Mary De Young.

On the 19th day of July, 1923, John De Young filed his petition in the county court of Harris county and therein alleged that he was the husband of Mary De Young and that they had no children by their marriage; that Mary De Young owned no separate estate; that he was the natural guardian of the person and estate of Mary De Young; that there was no necessity for the appointment of a guardian of her person and estate; that at the time of the filing of the application for letters of guardianship by John A. Weeks of the person and estate of Mary De Young and at the time of his appointment as such guardian, the residence of Mary De Young was in Wharton county, Tex., and not in Harris county, Tex.; that the county court of Harris county had been misled into making this appointment of John A. Weeks, as such guardian, by the false representations of Weeks that Mary De Young owned in her own right an estate of the value of $20,000 and that her residence was in Harris county. He alleged that he had no notice of the application of Weeks prior to such appointment and that for the reasons stated the county court of Harris county had no authority to appoint Weeks as such guardian, and therefore such appointment was void. He alleged as a reason for not having sooner filed his petition for a review of the judgment of the county court appointing Weeks as such

---

⚷⇒For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes
*Writ of error refused March 30, 1927.

guardian that he was misled as to his rights in the matter, and that he did not learn of such rights until a short time before filing his petition. His prayer was for judgment declaring such appointment and all proceedings attempted thereunder void and of no force and effect.

Appellant answered by denying that the residence of Mary De Young was in Wharton county at the time he filed his application to be appointed guardian of her person and estate or at the time he was appointed as such guardian, and asserting that at such times her residence was in fact in Harris county, denying the allegation of the plaintiff that the probate court of Harris county was without jurisdiction to appoint him as such guardian, and asserting that regardless of where Mary De Young resided said court did have such jurisdiction in the absence of a plea to the venue of the suit. He denied that Mary De Young was without a separate estate, and asserted that as a matter of fact she owned an estate in her own separate right of the value of about $20,000, denied that the plaintiff had no notice of his application to be appointed as such guardian, and asserted that he made his application to be so appointed at the special request of the plaintiff; denied that he, by any act or word or deed, led the plaintiff to believe that there was a necessity for the appointment of a guardian of the person and estate of Mary De Young, or misled him as to his rights in the premises. Further answering, he says that he made his application to be appointed as such guardian by the probate court of Harris county, because he was led to believe by the plaintiff that Mary De Young owned an estate of the value of $20,000, situated in Harris county, and that her place of residence was at the time such application was filed in said county of Harris; that after his appointment as such guardian was made, plaintiff acquiesced therein and by acts and deeds fully ratified such appointment, with full knowledge of all the facts relative to the entire matter, and that by reason of the several facts stated the plaintiff is estopped to claim and recover any sum from him whatever.

Judgment was rendered in said county court denying the relief prayed for, and John De Young appealed to the district court of Harris County.

In the district court the trial was before the court without a jury, and on the 15th day of July, 1924, judgment was rendered in which it was recited that, it being made to appear that the cause of action of John De Young was brought to review the proceedings had in the county court, and that it being made to appear to the court that the property alleged by Weeks to be the separate property of Mary De Young was in fact the community property of John De Young and Mary De Young, and that the county court of Harris County was without jurisdiction to appoint Weeks as such guardian. The court was of opinion that John De Young was entitled to a judgment for the sum of $20,680, the value of the property held by Weeks as the property of Mary De Young, with 6 per cent. per annum interest thereon from the ———— day of July, 1921, until paid, and for costs of suit. Thereupon it was adjudged that all proceedings of the county court, relative to the person and estate of Mary De Young, be set aside and held for naught and of no force and effect. From the judgment so rendered, John A. Weeks has appealed.

The findings of fact and conclusions of law as found by the court are as follows:

First: That the residence of John De Young was in Wharton county, Tex., at the time of the guardianship proceedings.

Second: That John De Young and Mary De Young were living together intermittently up to the time she was incarcerated on a charge of lunacy.

Third: That all the property owned and held by either John De Young or Mary De Young, at the time of the institution of the lunacy proceedings, was community property of said parties, but that a tentative division thereof had been made, Mrs. De Young receiving as her share $20,000, which was deposited in various banks, and Mr. De Young receiving goods, wares, and merchandise in a mercantile establishment at Wharton, Tex., an automobile, and other property, all estimated at about $20,000.

Fourth: That at the time of the institution of the lunacy proceedings, John De. Young made an affidavit to the effect that his wife's residence was in Houston, Harris county, Tex.; and that he advised the appointment of John A. Weeks as guardian of the estate of Mary De Young.

Fifth: That the diamond ring involved in the suit is the separate property of Mary De Young.

Sixth: That John De Young, prior to the order appointing John A. Weeks temporary guardian of the estate of Mary De Young, stated to Judge Bryan, judge of the probate court of Harris County, that Mary De Young had an estate of about $20,000.

Seventh: That the community estate of John and Mary De Young was of about the value of $40,000.

## Conclusions of Law.

That the act of the probate court in appointing John A. Weeks, as guardian of the person and estate of Mary De Young was void for want of jurisdiction and that therefore such appointment was void.

As causes for reversal of the judgment, appellant contends:

(1) That the court erred in finding that the residence of Mary De Young was in Wharton county at the time Weeks was appointed guardian of her estate.

(2) That if it be conceded that such residence at such time was in Wharton county, still the appointment of Weeks as such guardian by the probate court of Harris county was not void, but was at most only voidable upon direct attack, and that as the undisputed evidence shows that such appointment was induced by the representations, acts, and conduct of appellee, appellee is estopped to have the order making such appointment annulled, and therefore the district court erred in setting such order aside.

(3) That the court erred in rendering judgment against appellant for $20,680 or for any sum whatever, as the county court from which the case was appealed to the district court had no jurisdiction to render such judgment and therefore the district court had no such jurisdiction.

Appellee contends that there was no error committed by the court in the rendition of the judgment in that: (1) The residence of Mary De Young was, at the time Weeks was appointed guardian, in Wharton county and not of Harris county, and therefore such appointment was absolutely void for want of jurisdiction in the probate court of Harris county to make the same; (2) that Mary De Young owned no separate estate; that the $20,680 and the diamond ring claimed by appellant as her separate estate was not such separate estate but as a matter of fact community property of plaintiff and his wife, Mary De Young, and therefore said probate court had no authority to appoint a guardian of such property or estate; (3) that at the time Weeks made his application to be appointed guardian he knew the facts above stated and therefore was not misled by any representations made by plaintiff in making his application, and therefore plaintiff is not estopped to recover the property held by Weeks as the separate property of Mary De Young; and (4) that the district court having acquired jurisdiction by appeal to hear and determine the authority of the probate court of Harris county to appoint Weeks as such guardian, it also had jurisdiction to render complete relief to plaintiff and to render judgment requiring Weeks to return to plaintiff the property taken by him as under his appointment.

We shall dispose of the contentions of the parties in the order stated.

The court found upon sufficient evidence that at the time appellant was appointed guardian of the estate of Mary De Young her residence was in Wharton county and not in Harris county. We shall therefore omit a discussion of appellant's first contention, and will, for the purpose of discussing his second contention, assume such finding to be an undisputed fact. Whether the judgment of the probate court of Harris county, appointing appellant, Weeks, guardian of the estate of Mary De Young, non compos mentis, whose residence was in Wharton county, was absolutely void for want of jurisdiction, depends upon the construction to be given to article 4059, Vernon's Sayles' Civil Statutes 1914, which reads as follows:

"A proceeding for the appointment of a guardian of the person or estate, * * * of a person of unsound mind, * * * shall be commenced in the county where such person of unsound mind * * * resides."

If this statute is mandatory and confers the exclusive jurisdiction in the probate court of the county in which such person resides to institute the proceedings referred to therein, the judgment of the probate court of Harris county, appointing appellant guardian of the estate of Mary De Young, is clearly void. On the other hand, if it is to be construed to be a venue statute only, prescribing the venue of such proceedings, then the appointment of Weeks as guardian is not void, but voidable only for good cause upon direct attack. While we have been unable to find any decisions construing article 4059 as a venue statute, we do find quite a number of decisions which construe statutes of similar import to be venue statutes only, and we can see no good reason for different construction of article 4059. Section 14 of article 1830, Vernon's Sayles' Civil Statutes, provides as follows:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, *must be brought in the county in which the land, or a part thereof, may lie.*" (Italics ours.)

It has been uniformly held that the statute above quoted is not a jurisdictional statute, but is one of venue only, and that the language "must be brought in the county in which the land, or a part thereof, may lie," used in the statute, is not mandatory in the sense that the district court of no other county has jurisdiction of such a suit, but is controlling in the sense that a proper plea to the venue by the defendant in a suit brought in some other county must be sustained. Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 981, at page 985; Wolfe v. Willingham, 43 Tex. Civ. App. 167, 94 S. W. 362; De La Vega v. League et al., 64 Tex. 205; State v. Patterson (Tex. Civ. App.) 40 S. W. 224, same case, 17 Tex. Civ. App. 231, 42 S. W. 369.

In Mitchell v. Porter, supra, it is said:

"The district court has general jurisdiction of such suits, and, if one is instituted in some county other than that in which the land is located, the judgment will be valid in the absence of a plea or exception to the venue."

And in State v. Patterson, supra, it is held that the district court of one county, being a court of general jurisdiction to try title to land, has jurisdiction to render judgment in an action of trespass to try title to land in

another county, where defendant does not, by proper pleading, assert his privilege to be sued only in the county where the land is situated.

Applying the rule established by the authorities cited to article 4059, relative to the appointment of guardians, it must be held that as the probate courts of this state are clothed with general jurisdiction over probate matters, the probate court of Harris county had jurisdiction to appoint appellant guardian of the person and the separate estate of Mary De Young, in the absence of a plea of exception to the venue by some one interested in the subject-matter of the proceedings.

Controverting the rule stated and adopted by us, appellee cites Munson v. Newson, 9 Tex. 109, wherein it is held that under the act of 1848 (Hart. Dig. p. 478), the appointment of a guardian by the Chief Justice of any county, other than that of the residence of the minor, is absolutely void.

Judge Hemphill, who wrote the opinion cited and relied upon by appellee, said:

"The statute of 1848, in several of its provisions, declares, in effect, that the guardianship of minors is within the special cognizance of the Chief Justices of the counties of their respective domiciles. The third section (article 1534) [III] provides that whenever it shall come to the knowledge of any Chief Justice that there is within his county any minor without any legal or natural guardian, * * * such Chief Justice shall appoint a guardian for such minor."

An examination of the statute of 1848 referred to, we think, will disclose that it is in no sense a statute conferring general jurisdiction on probate courts or the judges thereof over probate matters, as do the statutes of the present day, and therefore we do not think the decision cited is applicable to the present case.

Having reached the conclusion that the probate court of Harris county had authority, under the general powers conferred upon it in probate matters, to make the appointment of Weeks as guardian of the estate of Mrs. De Young, in the absence of a plea of venue or exception thereto by some one interested in the subject-matter involved, we sustain appellant's contention that the district court erred in holding that the appointment of Weeks as guardian was wholly void for want of jurisdiction in the probate court of Harris county to make such appointment.

[1] It is, however, insisted by appellee that the court properly held the judgment of the probate court void in that as his residence, he being a party having an interest in the estate of Mrs. De Young, was in Wharton county and not in Harris county, the notice of the application of Weeks to be appointed guardian of said estate posted in Harris county was not such notice to him as is re-quired by law in such cases, and therefore he had no legal notice of such application, and hence no judgment rendered in the proceeding is binding on him.

This contention should not be sustained. It is shown that after appellee had been advised by the county judge of Harris county that he thought it was necessary to have a guardian of the estate of Mary De Young appointed, appellee suggested that the appointment be made by said judge and that appellant, Weeks, be appointed as such guardian. Under such circumstances, we think, it should be held that appellee waived the posting of the notice required by law in so far as it affected him, and should not be heard to say that he had no notice of said application of Weeks.

As we have already held that the appointment of Weeks as guardian by the probate court of Harris county was not void, and not voidable upon the grounds of want of proper notice, it becomes unnecessary for us to discuss appellant's contention that appellee is estopped to assert its invalidity. We are not to be understood as holding that said probate court, or any other court, had authority to appoint a guardian to take possession and control of any part or portion of the community property or estate of De Young and wife, but are to be understood as holding that, under the facts shown, the appointment of Weeks as guardian of the separate estate of Mary De Young was valid, and that such appointment should have been confirmed by the district court. Appellee in his petition for a review of the judgment of the probate court did not ask for his appointment as guardian of the estate of his wife, nor does he so ask in the district court, but his prayer in the probate court was to have the judgment of said probate court set aside and declared void. And in the district court his prayer was for judgment declaring the judgment of the probate court void and for judgment requiring Weeks to immediately turn over to him all property that had theretofore come into his hands as guardian, to wit, $20,680 in cash and the one diamond ring, mentioned as the separate estate of Mary De Young, together with 6 per cent. interest on said money from the time the same was taken by Weeks, and for costs of suit. It was, we think, conclusively shown that appellee, contemplating the appointment of a guardian of the person and estate of his wife, called upon Chester Bryan, county judge of Harris county, to have such appointment made if in his opinion such appointment was necessary, and that he suggested John A. Weeks, his brother-in-law, the brother of his wife, as a suitable person to be appointed as such guardian and said that he preferred him to any one else; that he made statements to Judge Bryan and to Weeks relative to the $20,680 cash which was later

turned over to Weeks as guardian by the banks in which it was deposited, which reasonably led them to believe that the same was separate estate of Mrs. De Young.

Under the facts and circumstances stated, it was clearly, we think, the duty of the district judge, before whom the case was tried and who found that Mary De Young owned some separate property, a diamond ring, of the estimated value of about $600, to enter a decree confirming the appointment of Weeks as guardian of the estate of Mrs. De Young, made by the probate court of Harris county, and to cause such decree to be certified to said probate court for observance.

[2, 3] We now come to a consideration of the contention of appellant that the district court, as an appellate court, was without jurisdiction to determine the ownership of the $20,680 cash, which had been turned over to appellant as the separate estate of Mrs. De Young, and to render judgment for such sum in favor of appellee against appellant.

The suit of appellee, De Young, in the probate court, was, so far as shown by the record, instituted for the purpose only of having the judgment of the probate court declared void and of no force and effect. If he made any prayer there for an adjudication of the ownership of the property involved, which is shown to be of the value of approximately $30,000, it is not disclosed by the record. Had he made such prayer, it is clear that said court was without jurisdiction to determine such ownership, and it is also clear that as the probate court had no jurisdiction to determine such ownership, the district court acquired no jurisdiction to determine such matter on appeal.

The power of the probate court to authorize a guardian appointed by it to take charge of property belonging to the estate of his ward, regardless of its value, is not questioned, nor is the power of such court to control such guardian in the management and proper disposition of such estate questioned. That the probate court has the authority to compel such guardian to prepare and file a showing of the condition of an estate belonging to his ward, which has passed into his hands as such guardian, to approve or disapprove claim against said estate, and to make such orders as will enforce his lawful powers, is also not questioned; but we know of no law which empowers the probate court to litigate and adjudicate the title or ownership of property where, as here, the guardian on one side is claiming it as property of his ward, and another is claiming it, not as an heir or distributee, but in his own right. Wadsworth v. Chick, 55 Tex. 241; Miers v. Betterton, 18 Tex. Civ. App. 430, 45 S. W. 430; Hamm v. Hutchins, 19 Tex. Civ. App. 209, 46 S. W. 873; Pierce v. Foreign Mission Board (Tex. Com. App.) 235 S. W. 553; Wall

v. Clark, 19 Tex. 321; Cavitt v Beall Hdw. Co. (Tex. Civ. App.) 204 S. W. 799, Id., by Supreme Court (Tex. Com. App.) 212 S. W. 483.

The case of Wadsworth v. Chick is one in which an administration was pending upon the estate of F. W. Taylor, deceased. The administrator was claiming that certain property of the value of more than $1,000 belonged to Taylor's estate, and sought to hold the same as such. Mrs. Wadsworth claimed to be the owner of the whole of such estate by virtue of a gift to her by her deceased husband, F. W. Taylor, prior to his death. She filed her petition in the probate court asserting her ownership to said property as against W. Chick, the administrator, and prayed that she be permitted to give bond as provided by law and take possession of the property. Her claim was contested by the administrator, and upon trial in the probate court it was adjudged that the title of Mrs. Wadsworth be established and that the administrator deliver such property to her upon her executing the proper bond. From the judgment so rendered the administrator appealed to the district court. On trial in the district court, it was adjudged that Mrs. Wadsworth take nothing by her suit, that the administrator make final settlement of the estate and pay over such portion of the estate as remained in his hands to C. L. Taylor and others, as heirs at law of F. W. Taylor, deceased, who had intervened in said suit. From the judgment of the district court Mrs. Wadsworth appealed. In the decision on appeal, it is said:

"We are met on the threshold of this case with a question which, in our opinion, is fatal to the suit of Mrs. Wadsworth as instituted. She does not claim to be either an heir, devisee or legatee of the estate of F. W. Taylor, but claims the whole of the estate by title from Taylor himself, made during his lifetime. The probate court has neither constitutional nor statutory jurisdiction over such cases, and its powers and machinery are wholly inadequate to try and determine such contested issues. That court not having original jurisdiction, it would, by a familiar principle, follow, that jurisdiction could not be conferred by appeal upon the district court. Baker v. Chisholm, 3 Tex. 157; Davis v. Stewart, 4 Tex. 223; Able v. Bloomfield, 6 Tex. 263; Horan v. Wahrenberger, 9 Tex. 317 [58 Am. Dec. 145]; Neil v. State, 43 Tex. 91.

"The judgments both of the probate court and of the district court on appeal were without authority of law, and the same are hereby reversed and the cause dismissed for want of jurisdiction. Able v. Bloomfield, 6 Tex. 263; Neil v. State, 43 Tex. 91. And inasmuch as appellant, Mrs. Wadsworth, in the first instance improperly brought her suit in a court which did not have jurisdiction thereof, the costs of both the probate and the district court are adjudged against her, and the cost of this appeal is adjudged against her and the sureties on her appeal bond."

In the present case, appellee, De Young, is claiming the right of possession and control of the property taken by Weeks as guardian of his wife, upon the claim that it is the community property of himself and wife, and the administrator is resisting such claim and asserting that it is the separate property of Mrs. De Young, his ward. We can see no reason why the rule established in the Wadsworth v. Chick and other cases cited should not be applied to the present case.

[4] If appellant, Weeks, as guardian of Mrs. De Young, has taken into his possession property over the value of $1,000 to which appellee is entitled, appellee had his cause of action against him as such guardian, and may recover the same in a suit brought in the district court, a court of competent jurisdiction, and in that court and in such suit, appellant, Weeks, may set up his defense of estoppel and such other defenses as he may see proper.

What we have said disposes of all the material contentions presented, and since we have arrived at the conclusions above expressed, the judgment of the trial court is reversed and judgment is here rendered confirming the appointment of John A. Weeks as guardian of the person and separate estate of Mrs. De Young, and directing that the same be certified to the probate court of Harris county, Tex., for observance.

Reversed and rendered.

On Motion for Rehearing.

At a former day of this term of this court we held that the county court of Harris county had jurisdiction, in the absence of a plea of privilege, to appoint John A. Weeks guardian of the person and estate of Mary De Young, non compos mentis, whose residence was at the time in Wharton county, and in disposing of the issues presented on appeal from a judgment rendered by the district court of Harris county, to which the cause had been appealed, we confirmed such appointment.

[5] John De Young, husband of Mary De Young, who sought to have the judgment of the county court appointing Weeks as such guardian set aside, has filed his motion for rehearing upon the ground that we erred in holding that the conuty court had jurisdiction to appoint Weeks as such guardian and in confirming such appointment. We now conclude that we erred in holding that the county court of Harris county had jurisdiction, and that the contention of John De Young should be sustained, and that the case should be dismissed for want of jurisdiction in the county court to make such appointment in the first instance, and, as a consequence, the want of jurisdiction of the district court, to which the case was appealed, to hear and determine the merits of the case on such appeal.

Article 4059, Vernon's Sayles' Civil Statutes 1914, provides that:

"A proceeding for appointment of a guardian of the person or estate, * * * of a person of unsound mind, * * * shall be commenced in the county where such person of unsound mind * * * resides."

We construed this provision as a venue statute, as shown by our original opinion, and held that as the probate courts of Texas were by law clothed with general jurisdiction over probate matters, such courts have jurisdiction to appoint guardians of persons and estates of persons of unsound mind, in the absence of a plea of privilege to have the proceeding begun in the county where such persons reside. We were persuaded to make our holding, as shown by our original opinion, by the construction placed by our courts on section 14 of article 1830, Vernon's Sayles' Civil Statutes 1914, which provides that:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Our courts have held that, notwithstanding the use of the mandatory words, "must be brought," in said section, such section is a venue statute only, and in the absence of a plea of exception to the venue, suits for the recovery of lands, etc., may be maintained in any county in this state, regardless of where the land is situated. Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 981; Wolfe v. Willingham, 43 Tex. Civ. App. 167, 94 S. W. 362; State v. Patterson (Tex. Civ. App.) 40 S. W. 224, same case, 17 Tex. Civ. App. 231, 42 S. W. 369.

In support of his contention that the county court of Harris county had no jurisdiction to make the appointment of Weeks as such guardian, counsel for De Young cited Munson v. Newson, 9 Tex. 109, wherein it is held by our Supreme Court that the appointment of a guardian by the Chief Justice of any county, other than that of the residence of the minor, is absolutely void.

In refusing to apply the holding in the above-mentioned case to the law governing the present case, we said:

"An examination of the statute of 1848 referred to, we think, will disclose that it is in no sense a statute conferring general jurisdiction on probate courts or the judges thereof over probate matters, as do the statutes of the present day, and therefore we do not think the decision cited applicable to the present case."

[6] We now think we were in error in making such statement, as we find that the statute in force at the time the decision in Munson v. Newson was handed down did, as does article 4102 of the present statutes of 1925,

confer general jurisdiction on probate courts over probate matters, and we find that the statute of 1848, cited by Judge Hemphill in Munson v. Newson, is verbatim the same as article 4117 of the statutes of 1925. Thus it is made to appear that the holding in the case mentioned is applicable to the facts and law of the present case, and since it is a decision of our Supreme Court which has never been overruled, we must follow the same.

We are also advised that, since the rendition of our original opinion, the Supreme Court of this state, in the case of J. W. Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084, held that statutory provisions relative to the jurisdiction of courts in specified matters are mandatory and exclusive and must be complied with in all respects, citing Ruling Case Law, p. 322, § 9; Employers' Ind. Corp. v. Woods (Tex. Com. App.) 243 S. W. 1085. The court said further:

"The Workmen's Compensation Act having created the rights to be enforced, and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies. 1 Corpus Juris, p. 988, § 100D, p. 989, section 102B, p. 976, section 72; Statutes (1925), art. 8307, § 4a; Harris v. Texas Employers' Ins. Ass'n [Tex. Civ. App.] 257 S. W. 998; * * * Hood v. Texas Employers' Ins. Ass'n [Tex. Civ. App.] 260 S. W. 243. * * *

"Revised Statutes, art. 8307, § 5, provides that the suit to set aside the final award of the board 'shall' be brought 'in the county where the injury occurred.' The language used is mandatory, and its purpose evident. Such a suit of necessity involves the fact of the accident, the issue of the injury, and the wages of the claimant; all of which may be established with less trouble and expense."

"Where a statute creates a right and provides a remedy for its enforcement, the remedy is exclusive, and where it confers jurisdiction upon a particular court, that jurisdiction is exclusive. 1 Corpus Juris, p. 989, § 120b; * * * Cunningham v. Robison, 104 Tex. 227 [136 S. W. 441]."

In view of the holdings of our Supreme Court in the cases cited, it becomes our duty to recede from our holding that the county court of Harris county had jurisdiction to appoint Weeks guardian. The motion for rehearing is granted, our former judgment set aside, and that portion of the judgment of the court below vacating the orders and proceedings of the county court of Harris county in the estate of Mary De Young is affirmed.

We adhere to the conclusions stated in our former opinion, that the court below had no jurisdiction or authority in this suit to adjudicate appellee's right to the money in the hands of appellant, and for the reasons expressed in that opinion, the judgment of the trial court in favor of appellee for the sum of $20,680 is reversed and judgment here rendered for appellant.

Affirmed in part.

Reversed and rendered in part.