**GIBSON et al. v. DENNIS et al.**

No. 4818.

Court of Civil Appeals of Texas. Texarkana.
Jan. 1, 1936.

Rehearing Denied Jan. 9, 1936.

Ed Yarbrough, of Henderson, for appellants.

Robert F. Higgins, R. E. Seagler, and Lee M. Sharrar, all of Houston, for appellees.

SELLERS, Justice.

On March 22, 1930, there was filed in the county court of Rusk county the following application:

"The State of Texas, County of Rusk.

"In the County Court of Rusk County, Texas.

"To the Honorable County Court of said County:

"Now comes Sol Dennis, who resides in Rusk County, Texas, and respectively represents to the court that Myrtle Gibson is a girl and a minor over fourteen years of age and that James Gibson is a brother of the said Myrtle Gibson and is a minor over fourteen years of age; that each of said minors are cousins of your petitioner, and reside in Dallas County, Texas, being daughter and son respectively of Autum Gibson, now deceased, and Mack Gibson, who resides in Falls County, Texas; that because of the fact of the death of the mother of said minors and the said Mack Gibson, their father, having abandoned them, they, the said minors, are without a lawful Guardian of their property and estate; that the said minors are entitled to an estate consisting of a one-twenty-second undivided interest in Sixty Eight acres of land, a part of the Ann Melton Survey in Rusk County, Texas, of the probable value of Thirty ($30.00) Dollars; that said minors are possessed of no personal estate and that said undivided interest in said real estate aforesaid constitutes their sole estate, and being located in Rusk County, Texas, the venue of this Guardianship may be in Rusk County, Texas, and that the probable income to be derived from said real estate is estimated at the sum of Three and 10/100 Dollars per annum; that your applicant, being a near relative of said minors, is in no way disqualified from receiving letters and acting as Guardian of the Estate of such minors and is a proper person to act as such Guardian;

"Wherefore, he prays that notice of this application be given as required by law, and that he be appointed Guardian of the estate of said minors."

Upon this application the court entered the following order:

"On this, the 2nd day of June, A. D. 1930, came on to be heard and considered the application of Sol Dennis for letters of Guardianship of the Estate of Myrtle Gibson and James Gibson, minors, and it appearing to the court and the court being satisfied, after due hearing, that due notice of said application has been given as required by law, and that the said Myrtle and James Gibson are minors over fourteen years of age and have no lawful guardian of their estate and have waived the issuance of citation herein and accepted service of same and have made choice of Sol Dennis of Rusk County, Texas, as Guardian of their estate, and it appearing to the court that the said Sol Dennis is not disqualified and is a suitable and proper person to be appointed such Guardian; and it further appearing to the court that the aforesaid minors reside in Dallas County, Texas, and that their sole estate consists of a One Twenty-Second undivided interest in and to Sixty Eight acres of land, a part of the Ann Melton Survey in Rusk County, Texas, and being so situated, this court has jurisdiction and venue; and it further appearing to the court that the estimated and probable rents and revenues and income to be derived from said undivided interest in said land by said minors is Three ($3.00) Dollars per annum;

"It is therefore ordered by the court that the said Sol Dennis be and is hereby appointed Guardian of the Estate of the said Myrtle Gibson and James Gibson, minors, and that Letters of Guardianship issue to him on his giving bond in the sum of Ten Dollars, payable and conditioned as required by law, and taking the oath within twenty days:

"It is further ordered by the court that H. R. Newton, and Reese Vaney and Chas. Pilgreen, who are disinterested persons, be and are hereby appointed appraisers to make due appraisement of said estate and make due return thereon as required by law."

This appeal is from a judgment in a suit filed in the district court of Rusk county on March 2, 1934, by Charlie Gibson as next friend of James and Myrtle Gibson, minors, in trespass to try title to recover one twenty-second interest in and to 68 acres of land, a part of the Ann Melton survey in Rusk county, Tex. The defendants in the suit are Sol Dennis, the guardian named in the above proceedings, who resides in Rusk county, and the Humble Oil & Refining Company, which holds title to the mineral interest in the land described under a sale to it by Sol Dennis as guardian. In what is termed an alternative plea, the plaintiff set out the guardianship proceedings in the county court of Rusk county appointing Sol Dennis guardian of the estate of the minors, and alleged that such proceedings are void for the reason that the county court of Rusk county had no jurisdiction to appoint a guardian of the minors' estate since their father was living and resides in Falls county, Tex.

The defendant Humble Oil & Refining Company answered with a plea in abatement, general demurrer, plea of not guilty, and several special exceptions not necessary here to mention. The suit was tried before the court without a jury, and after hearing the evidence and argument of counsel the court found in favor of the defendants and entered judgment in their favor. From this judgment the plaintiffs have duly prosecuted this appeal.

The appeal in reality involves but one question, and that is to determine, from the face of the application and order appointing Sol Dennis guardian of the estate of the minors, whether such proceedings were void; this being a collateral attack upon such proceedings. It is the contention of appellant that the vice which renders the proceedings void appears upon the face of the application for the appointment of the guardian, in that it affirmatively appears therein that the father of the minors is living and resides in Falls county, Tex., and therefore the county court of Falls county has the exclusive jurisdiction to appoint a guardian for the estate of such minors. In determining this question it is well to remember that the Constitution of the state of Texas confers on the county court the general jurisdiction of a probate court, and that such court shall appoint guardians of minors, grant letters testamentary and of administration, etc. Article 5, section 16, Constitution of Texas. In pursuance of this constitutional provision, our Legislature has enacted what is now article 4102, R.S. 1925, as amended by Acts 1927, c. 179, § 1 (Vernon's Ann. Civ.St. art. 4102), which provides: "The County Court shall appoint guardians of minors, persons of unsound mind and ha-

bitual drunkards, * * * settle accounts of guardians, and transact all business appertaining to the estate of minors, persons of unsound mind, habitual drunkards."

Under these provisions of our law, it must be held that our county courts when sitting as probate courts are courts of general jurisdiction with respect to the power to appoint guardians of minors.

■ Article 4111 of our Revised Statutes, as amended by `Acts of 41st Legislature, Regular Session, page 65, c. 31, § 1 (Vernon's Ann.Civ.St. art. 4111), in so far as it affects guardianship of minors, provides:

"Art. 4111. Venue. A proceeding for the appointment of a guardian shall be begun:

"1. For the estate of a minor in the county where the parents of such minor reside, or in the county where the parent having custody of the minor resides when the parents do not reside in the same county, and both are living.

"2. For the person and estate (or of either) of a minor, in the county where the surviving parent resides, if only one is living, or in the county where the last surviving parent of such minor resided at the time of the death of such parent, if both parents are dead, or in the county where such minor is found, or in the county where the principal estate of such minor may be."

This statute has' been construed to be mandatory, Weeks v. De Young (Tex.Civ. App.) 290 S.W. 852, and it has also been held that the appointment of a guardian by a court in contravention of this statute is void, and that such appointment confers no authority and may be collaterally impeached. Munson v. Newson, 9 Tex. 109. In our investigation of the authorities, we are unable to find any case which construes this statute as a limitation upon the jurisdiction of our probate court to appoint guardians of the person and estate of minors. Nor do we think the statute is subject to such interpretation. To hold that this statute has thè effect of limiting the jurisdiction of the probate court in the appointment of guardians of minors would be to declare the statute unconstitutional, since the Legislature is powerless to limit the jurisdiction of a court as fixed by the Constitution.

■■ In our opinion the statute is just what its language declares it to be; a venue statute. It has the effect of designating the counties, not the court, in which a proceedings for the appointment of a guardian for minors shall be begun. Since this statute has been construed to be mandatory, it would seem that an application for the appointment of a guardian must contain allegations of fact which will comply with at least one of the provisions of this statute as to the county in which the proceedings shall be had before the jurisdiction of the probate court may be invoked. It is alleged in the application for the appointment of the guardian of the estate of the minors that their estate is located in Rusk county where the guardianship proceedings were had, and since one of the provisions of article 4111 is that such proceedings shall be brought in the county where the principal part of a minor's estate may be, it must be held that the jurisdiction of the probate court of Rusk county was properly invoked, and the appointment of the guardian was in all things regular and valid in so far as this collateral attack is concerned.

It may be that the statute is so written as to give a preference as to venue to the county where the father of such minor resides, or where the minor resides, over that of the county where the property is located, but this question is not before us. What we hold is that, under this application the jurisdiction of the probate court could have been invoked in either of three counties, to wit, Falls county where the father resides, Dallas county where the children reside, or Rusk county where the principal part of their estate is located, since each of these counties come within the provisions of article 4111 and are given venue for the proceedings.

The view expressed is believed to be in keeping with the opinion of Justice Critz while he was a member of the Commission of Appeals in the case of Balfour. v. Collins, 119 Tex. 122, 25 S.W.(2d) 804, wherein the commissioner construed a similar statute with reference to proceedings for the appointment of administrator. The rule announced in this case is held to have equal application in guardianship proceedings. Owens v. Stovall (Tex. Civ.App.) 64 S.W.(2d) 360.

Finding no error in the record, the judgment of the trial court is affirmed.