Opinion issued April 24, 2003








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00722-CR




FRANCISCO JAVI QUINTANILLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 895444
 

 
 
MEMORANDUM OPINION
 
          Appellant, Francisco Javi Quintanilla, pleaded guilty without an agreed
recommendation from the State to the felony offense of delivery of cocaine in an
amount greater than 400 grams. After conducting a sentencing hearing, the trial court
found appellant guilty and assessed punishment at 25 years’ confinement in prison and
a $60,000 fine. In his first issue, appellant contends that the trial court erred by not
withdrawing appellant’s guilty plea sua sponte at the sentencing hearing. In his
second issue, appellant contends that his trial counsel was ineffective. We affirm.
Waiver
          We first address whether appellant waived his right to appeal. When appellant
pleaded guilty, he signed a document that stated, “I waive any right of appeal which
I may have should the court accept the foregoing plea bargain agreement between
myself and the prosecutor.” Appellant did not, however, reach a plea agreement with
the State. Despite the lack of a plea agreement, the trial court made the following note
in the judgment: “Appeal waived. No permission to appeal granted.” Thus, the State
contends that appellant waived his right to appeal. 
          We do not agree that appellant voluntarily, intelligently, and knowingly waived
his right to appeal. His waiver was conditioned upon the trial court’s accepting a plea
agreement, yet it is undisputed that no such agreement existed. Because the existence
of a plea agreement was a precondition to waiver, and because there was no plea
agreement, appellant never waived his right to appeal. See Alzarka v. State, 90 S.W.2d
321, 324 (Tex. Crim. App. 2002) (boiler-plate waiver in plea form held ineffective). 
We hold that appellant did not waive his right to appeal and address his points of error
below. Sua Sponte Withdrawal of Guilty Plea
          In his first point of error, appellant contends that the trial court erred by not
withdrawing his guilty plea sua sponte at the sentencing hearing after appellant
testified that he was coerced into delivering the cocaine in issue. Appellant argues (1)
that the trial court had not taken his case under advisement when appellant
“proclaimed his innocence through the tacit defense of duress” and (2) that the court
did not provide appellant the opportunity to prove his defense. 
          It is well-settled that a defendant may withdraw his guilty plea as a matter of
right before the trial court takes the case under advisement or pronounces judgment. 
 Jackson v. State, 590 S.W.2d 514, 515 ( Tex. Crim. App. 1979). However, when the
defendant decides to withdraw his guilty plea after the trial court takes the case under
advisement or pronounces judgment, withdrawal of the plea is within the sole
discretion of the trial court. Id. There is no requirement that a trial court withdraw a
guilty plea sua sponte after the defendant waives his right to a jury trial and enters a
guilty plea before the court, even if evidence subsequently arises that might reasonably
and fairly raise an issue of fact as to the guilt of the defendant. Thomas v. State, 599
S.W.2d 823, 824 (Tex. Crim. App. 1980). As the trier of fact, the trial court may find
the defendant either not guilty or guilty as the facts require, without withdrawing the
defendant’s plea. Id. 
          In this case, the trial court accepted appellant’s guilty plea and found sufficient
evidence to support his guilt. Thus, the trial court took the case under advisement. 
Thereafter, both in the presentence investigation report and at the sentencing hearing,
appellant claimed that he committed the offense because his family’s safety was
threatened by co-conspirators who pressured appellant into delivering the cocaine. 
But appellant never requested the trial court to withdraw his guilty plea and never
objected to his punishment. After the trial court took appellant’s case under
advisement, it was well within the court’s discretion to disbelieve appellant’s version
of events and find appellant guilty of the offense. See Jackson, 590 S.W.2d at 515. 
We hold that the trial court did not abuse its discretion by not withdrawing appellant’s
guilty plea sua sponte. 
          We overrule appellant’s first issue. 
Ineffective Assistance of Counsel
          In his second issue, appellant contends that he was denied effective assistance
of counsel. We evaluate ineffective assistance of counsel claims by the standard set
forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
See Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State,
916 S.W.2d 92, 93 ( Tex. App.—Houston [1st Dist.] 1996, no pet.). Appellant must
show both that (1) counsel’s performance was so deficient that counsel was not
functioning as acceptable counsel under the Sixth Amendment, and (2) but for
counsel’s error, the result of the proceedings would have been different. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. A
defendant must overcome the presumption that the challenged action might be
considered sound trial strategy under the circumstances. Strickland, 466 U.S. at 689,
104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance of
counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996). An appellate court will not find ineffectiveness based
on speculation. Gamble, 916 S.W.2d at 93. 
          Appellant asserts that he was denied effective counsel because his trial counsel
did not ask the court to allow appellant to withdraw his plea of guilty after appellant
claimed he committed the offense under duress. Appellant did not file a motion for
new trial, and nothing in the record demonstrates why appellant’s counsel did not
make an effort to withdraw appellant’s guilty plea. To find trial counsel ineffective
would call for this court to speculate, which we will not do. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93; see also
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d) (holding trial counsel was not ineffective when record was silent as to trial
counsel’s reasons for declining to request instruction on concurrent causation). 
          We overrule appellant’s second issue. 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                               Elsa Alcala
                                                             Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).